VANDE VEEGAETE, RESPONDENT, *v.* VANDE VEEGAETE, APPELLANT.

(No. 6,076.)

(Submitted March 24, 1927. Decided April 8, 1927.)

[255 Pac. 348.]

*Pleading and Practice—Motions—When Opposing Party Entitled to Notice—Jurisdiction.*

Pleading and Practice — Motions — When Adverse Party Entitled to Notice.
1.   Though the codes do not prescribe all the instances in which notice of a motion must be given, the general rule is that whenever no more particular rule is applicable, a party interested in resisting the relief sought by motion is entitled to notice and an opportunity to be heard.

Order Releasing Promissory Note from Custody of Court for Purpose of Levying Execution Thereon, Made Without Notice to Owner, Void—Jurisdiction.
2.   Where, in an action on a promissory note, the clerk, under a rule of the district court, was required to keep the note, introduced in evidence, in his possession until released by order of court, and defendant, on reversal of the judgment against him, secured an order of release to enable the sheriff to levy execution upon the note in satisfaction of his cost bill, without notice to plaintiff, the owner of the note, the district court was without jurisdiction to make the order and its subsequent order vacating the former one was correct.

---

[1]   Motions, 28 **Cyc.**, p. 3, n. 1, p. 8, n. 44.   Orders, 29 **Cyc.**, p. 1514, n. 1.
[2]   Orders, 29 **Cyc.**, p. 1518, n. 45.

2.   See 19 **R. C. L.** 674.

[79 Mont. 68.]

*Appeal from District Court, Yellowstone County, in the Thirteenth Judicial District; G. J. Jeffries, Judge of the Fifteenth District, presiding.*

ACTION by Mary Vande Veegaete against H. Vande Veegaete on a promissory note. From an order vacating an order which directed the clerk to deliver the note sued on to the sheriff for purpose of levy under execution for costs, defendant appeals. Affirmed.

*Mr. M. J. Lamb,* for Appellant, submitted a brief and argued the cause orally.

*Mr. James R. Goss* and *Mr. George W. Pierson,* for Respondent, submitted a brief; *Mr. Pierson* argued the cause orally.

MR. JUSTICE STARK delivered the opinion of the court.

The plaintiff brought an action in the district court of Yellowstone county to recover judgment on a promissory note alleged to have been executed and delivered to her by the defendant. The cause was tried on May 25, 1925, and resulted in a judgment in favor of the plaintiff. During the course of this trial the note on which the suit was based was offered and received in evidence.

Rule 14 of the district court of Yellowstone county provides: "In all cases in which a judgment is entered upon a written instrument the clerk shall at the time of entering the judgment note in ink over his official signature across the face of the instrument, the fact of the entry of the judgment and its date and attach his seal thereto and file the said instrument in his office, which instrument shall not be removed except by order of the court. * * * "

Upon the entry of judgment in said cause the clerk complied with the requirements of this rule and the note was duly filed in his office. The defendant in that action appealed from the judgment, and the same was reversed and remanded, with instructions to grant a new trial. (*Vande Veegaete* v.

*Vande Veegaete,* 75 Mont. 52, 243 Pac. 1082.) A remittitur
from this court was filed in the district court on January 2,
1926, and on the same day the defendant served and filed his
memorandum of costs and disbursements on appeal, amounting
to $175.

On August 13, 1926, the defendant caused a writ of execu-
tion to be issued by the clerk of the district court upon that
memorandum of costs, directed to the sheriff of Yellowstone
county. At the same time he made an ex parte application
to the district court for an order authorizing and directing
the clerk thereof to deliver said promissory note to the sheriff
for the purpose of levy under said execution. This application
was granted, and an order was accordingly made authorizing
and directing the clerk to deliver this note to the sheriff, which
was done. Thereupon the sheriff posted notices advertising
the note for sale under execution on the eighteenth day of
August, 1926. Prior to the time fixed for the sale, the plaintiff,
by her counsel, moved the court for an order to vacate the
order theretofore made on the thirteenth day of August, direct-
ing the clerk to deliver the note to the sheriff, and that the levy
of execution theretofore made upon said note be quashed and
that further proceedings under said execution be stayed until
the determination of said motion, upon the grounds and for
the reasons: (1) That the note had been deposited in court
upon order of the court as required by its rules, and is and
was in the custody of the law and not subject to levy under
execution, and that said order was made without previous notice
to the plaintiff or her counsel; (2) that counsel for plaintiff
had a lien on said note and the cause of action pending thereon
for their services rendered and to be rendered in the action
pending thereon, amounting to the sum of $550, and that de-
fendant had not paid or tendered to the plaintiff's said attor-
neys the amount of said lien. This motion was based upon the
files and records in the case and upon the affidavit of George
W. Pierson, one of counsel for plaintiff, which affidavit recited
the pendency of the action on said promissory note in said
court; that at the trial of said action the plaintiff, in establish-

ing her case, was compelled to introduce said note in evidence and deposit it as a record in said cause; and that under the rules of the court the same thereupon was made one of the files in said cause within the custody of the court; that the order made by the court on the thirteenth day of August, 1926, above referred to, was without notice to plaintiff or her counsel, and without their knowledge; that the sale of said note under execution was set for 2 o'clock P. M., on August 18, 1926. The affidavit further recited that a second trial of said cause had not been had and that the action was still pending upon said note and that it was the intention of the plaintiff to prosecute said action to judgment; that the affiant and his associate counsel had represented the plaintiff in said action and that they had been employed to prosecute the same to final judgment; that the services theretofore performed by them in said action and to be performed had not been paid for and that they had a lien upon said promissory note and had never assented to the withdrawal thereof from the records of said cause and from the custody of the court; that their services rendered and to be rendered in said action will be of the reasonable value of $550, and that the defendant had not paid or offered to pay said counsel any part of said attorneys' fees or made any deposit for their benefit by reason of said lien.

Upon the filing of said motion the court made an order "that further proceedings be stayed until the determination of said motion and further order of the court."

On the same day counsel for the plaintiff served upon counsel for defendant notice that their said motion would be heard before the court on August 23, 1926, at 10 o'clock A. M., and that the same would be based upon the files and records of said action and upon the affidavit filed therewith, copies of both of which are served with the notice. This motion came on regularly for hearing at the time specified in the notice, and on the following day, August 24th, the court made an order to the effect that the order of the court dated August 13, 1926, directing the clerk of the court to deliver the note in question to the sheriff, was dissolved, vacated and set aside,

that the levy of execution thereon was quashed, and further directing the sheriff to forthwith surrender the possession of said note to the clerk of the court, who was ordered to retain possession thereof pending the further orders of the court. From this order the defendant has appealed.

One of the grounds of plaintiff's motion to vacate the order [1] of the court directing the clerk to turn over the note in question to the sheriff, was that the same had been made without previous notice to the plaintiff or her counsel.

"Every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an order. An application for an order is a motion." (Sec. 9772, Rev. Codes 1921.)

Our statute does not specify all the instances in which notice of a motion shall be given. "It is a general rule, however, founded on natural justice and to be observed whenever no more particular rule is applicable, that a party interested in resisting the relief sought by motion has a right to notice and an opportunity to be heard." (14 Ency. Pl. & Pr. 122.)

The note was the personal property of the plaintiff. In the [2] course of the trial of her cause of action against the defendant, based upon the note, she had introduced it in evidence and deposited it with the clerk of the court as required by Rule 14 above set out. Whether by this act it was placed *in custodia legis* is beside the issue. Having been deposited with the clerk of the court in connection with an action which was still pending, it could only be taken from him by an order of the court, and such an order could not be made without notice to the plaintiff and giving her an opportunity to be heard. No notice having been given to plaintiff or her counsel she was deprived of this right. Notice to plaintiff was necessary to give the court jurisdiction to make the order, unless notice was waived by voluntary appearance or otherwise. There was no waiver here. When this situation was called to the attention of the court by plaintiff's motion, it was its right and duty to vacate the order which had theretofore been made.

Our conclusion is that the order appealed from was properly made for the reasons above indicated. Therefore it is not necessary to consider the other matters argued by counsel in their briefs.

The order appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, MATTHEWS and GALEN concur.