EARL J. REILLY AND LYLE McKENNA, DOING BUSINESS AS
REILLY-McKENNA AGENCY, PLAINTIFFS AND RESPOND-
ENTS, *v.* ROLAND R. MAW AND CLEONE S. MAW, HUSBAND
AND WIFE, AND CAMILLA GAGE, DEFENDANTS AND APPEL-
LANTS.

No. 10751
Submitted February 15, 1965.  Decided August 12, 1965.
Rehearing denied September 21, 1965.
405 P.2d 440

John H. Jardine (argued), Whitehall, C. W. Leaphart, Helena, for appellants.

E. J. McCabe, Jr. (argued), E. F. Gianotti, Great Falls, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

148

This is an appeal from a plural judgment, first against defendants-appellants, Roland R. Maw and his wife Cleone, for $4,000, and secondly, against defendant-appellant Camilla Gage, who does business as Gage Realty, for $4,000, based on two separate claims. Jury trial was waived and the case tried to the District Court in Silver Bow County on June 24, 1963.

Plaintiffs' (Reilly-McKenna Agency) first claim was for $4,000 for "the reasonable value of services, work and labor performed and done by the plaintiffs, as real estate brokers" alleged to be due and owing from the defendants Maw, owners of the property sold. Plaintiffs' second claim is founded upon the alleged fraud of Camilla Gage in depriving the plaintiffs of their share of a commission for the sale of the Maw property, said fraud allegedly causing plaintiffs $4,000 general damage.

In 1959, Mr. Maw, through the facilities of Gage Realty and an exclusive listing therewith, listed his ranch property for sale. Through various communications sent out by Gage Realty, the plaintiffs were made aware of the availability of this property, and in 1961, after the expiration of the exclusive listing of the property with Gage Realty, came forth with a prospective purchaser, Matt Urick.

On April 14, 1961, in the offices of Gage Realty and in the presence of plaintiff Lyle McKenna, an instrument called a "Receipt and Agreement to Sell and Purchase" was executed by the sellers, the buyer and the sellers' agent, Mr. and Mrs. Maw, Matt Urick and Camilla Gage respectively. The names of the plaintiffs, Lyle McKenna and Earl J. Reilly, do not appear on this instrument, nor does the name of their firm, Reilly-McKenna Agency. The amount of $5,000 is typed into the agreement above the signatures of Mr. and Mrs. Maw as the commission to be due "to the above named agent" (Gage) for services rendered.

Another typed stipulation in the instrument reads: "This agreement shall be void and of no effect whatsoever unless

purchase and sale contract is executed by the parties hereto within ten days of the date hereof."

The purchase and sale contract referred to was not executed within the ten days. There is testimony in the record that both the buyer Urick and sellers Maw agreed mutually to waive this condition. The final contract was executed by buyer Urick on April 28, 1961, and by sellers Maw on May 3, 1961.

On May 10, 1961, Mrs. Maw drew a check in the amount of $5,000 payable to "Reilly & McKenna Agency, Gage Realty." This check was endorsed by the plaintiffs but has to date not been endorsed by Gage Realty. A few days after making the check, Mrs. Maw stopped payment thereon due to trouble concerning an escrow arrangement. This was later ironed out. However, the check was not reissued, nor have plaintiffs relied upon its execution as being such a written memorandum as would satisfy the statute of frauds. We make no further comment thereon for these reasons. No commission had been paid to either Gage Realty or Reilly-McKenna Agency at the date of trial.

Of the specifications of error which appear, it is necessary only to consider whether the trial court erred in overruling the motion to dismiss entered at the close of plaintiffs' case in chief.

Before turning to that discussion however, we must determine whether, as defendant Gage argues, the "Receipt and Agreement to Sell and Purchase" was and is void due to the lapse of the ten-day time limitation on its validity; that provision does not run to the benefit of Gage Realty, for voidance of that agreement would terminate the right to a commission upon the sale of the property. Rather, the stipulation runs to the benefit of the sellers Maw and the buyer Urick. It is generally accepted that those who are to benefit from the provisions and conditions of a contract, when party thereto, may, upon mutual agreement, waive such conditions. R.C.M.1947, § 13-907, permits alteration of a written contract either by

writing or by an executed oral agreement. Here, the oral agreement was to waive the written time limitation as a condition to the validity of the agreement to sell, and to proceed beyond that time to enable the writing and execution of the Contract for Deed, which was eventually executed by both parties and therefore the execution of the oral agreement to waive the time limitation was effectuated.

The "Receipt and Agreement to Sell and Purchase" being a valid contract, there is at this time a commission of $5,000 due to the agent thereon authorized to receive it from the sellers, or the persons to be charged, and whose signatures are thereon subscribed.

Turning now to the claims made, the first claim stated against the Maws, owners and sellers of the real estate involved, raises the question of whether the plaintiffs are barred from recovery because of the statute of frauds, and, if so, whether an action in the nature of quantum meruit for services rendered will allow recovery in spite of the Statute.

R.C.M.1947, § 13-606, specifically requires agreements between a landowner and his broker to be in writing, and in relevant part reads:

*"What Contracts Must Be in Writing.* The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or his agent:

   *  *  *  *  *

"(5) An agreement * * * for the sale of real property * * *.

"(6) An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or commission."

Subdivision (6) has been called "mandatory" in Cobb v. Warren, 64 Mont. 10, 18, 208 P. 928, affirmed in Skinner v. Red Lodge Brewing Co., 79 Mont. 292, 297, 256 P. 173, 175.

In the Skinner case, supra, the court stated that the "burden rested upon the plaintiff [broker] to show that, at the

time he produced a purchaser ready, able, and willing to buy on the defendant's [seller] terms, there was an existing contract of employment between himself and the defendant sufficient to meet the requirements of the statute of frauds. [Citations omitted.]"

This court stated in Gantt v. Harper, 82 Mont. 393, 401, 267 P. 296, 297, that "Our statute of frauds requires a note or memorandum in writing * * * as a *condition precedent* to recovery of a broker's commission upon an agreement authorizing or employing an agent or broker to purchase or sell real estate." (Emphasis ours.)

The above cases were affirmed in 1948 in Featherman v. Kennedy, 122 Mont. 256, 200 P.2d 243. The plaintiffs argue that the Featherman case does not apply to the case at hand because there, no contract existed, while in this case there is a contract. But, as far as the plaintiffs are concerned they are not parties to the "Receipt and Agreement to Sell and Purchase" contract in evidence in this case. The names of the plaintiffs do not appear therein. To permit the plaintiffs through the use of parol evidence to be made parties to a contract, which under the statute of frauds must contain the names of the parties concerned and the terms and agreements between them within its four corners, would render subdivision (6) of section 13-606, R.C.M.1947, a nullity. Plaintiffs cannot claim that contract as their own, and therefore, they stand in the shoes of the plaintiff in the Featherman Case, i.e., they are attempting to collect a commission for the sale of real estate when they hold no written authorization from the owner of the land to do so.

R.C.M.1947, § 93-1401-7, makes the evidence of such a writing "indispensable."

Subdivision (6) of section 13-606, is specifically directed toward prevention of frivolous, fraudulent and unmerited claims by a broker for a commission at the completion of the sale of property.

This brings us to a consideration of whether an action for "the reasonable value of services, work and labor performed and done by plaintiffs, as real estate brokers" will remove the claim from the statute and the necessity of a writing?

Montana, under the authority of the Featherman case, supra, holds with the vast majority that an action in quantum meruit, quasi contract, implied contract, or the like will not suffice to give a broker the right to a commission where he has no agreement with the party to be charged in writing. Allowing such an action would virtually nullify the statute of frauds. For a general discussion, see 41 A.L.R.2d 908, and Restatement of Contracts, § 355(3), Illustration 7.

The defendants' motion to dismiss the first claim was welltaken and should have been granted.

The second claim was one of fraud against defendant Gage and judgment was given the plaintiffs for general damages of $4,000.

The language used in the amended complaint is similar to that used in R.C.M.1947, § 13-308, which provides:

"Actual fraud * * * consists in any of the following acts, committed by a party to the contract, or with his connivance with intent to deceive another party thereto, or to induce him to enter into the contract: * * *

"4. A promise made without any intention of performing it; or,

"5. Any other act fitted to deceive."

Disregarding the fact that the plaintiffs were not named in any contract made mandatory by the statute of frauds, in order to maintain this claim, plaintiffs must prove with a preponderance of the evidence that (1) a promise was made; (2) that when made the promisor had no intention of performing it; (3) that plaintiffs relied on the promise as the promisor intended they should; and (4) that they were proximately injured thereby.

It is necessary only to concern ourselves with whether the promise was made with no intention of performing it.

Actual fraud is always a question of fact. R.C.M. 1947, § 13-310. It is never to be presumed in a case of this nature. Cuckovich v. Buckovich, 82 Mont. 1, 6, 264 P. 930. A long line of cases affirms the rule of the Cuckovich case, to the effect that good faith is presumed and fraud is never presumed. The burden of proving fraud is on the party alleging it. A mere suspicion of fraud is not sufficient.

Testimony given by Miss Gage, called as a witness for the plaintiffs (not as an adverse witness as provided for under Rule 43, M.R.Civ.P.,) while answering a question directed toward the payment of the $4,000 to Reilly-McKenna, answered: "No, it wasn't a question of that, it was just a question of what part of that Four Thousand ($4,000) dollars is owing." This testimony was left uncontroverted by any other evidence or testimony given. Further, testimony by Cleone Maw indicates she cancelled payment of the $5,000 commission check made out to Reilly-McKenna Agency and Gage Realty of her own will and without consulting Miss Gage or anyone else because of the difficulty with the escrow arrangement.

Other evidence is sufficient to indicate that many difficulties arose between the buyer and the sellers which would tend to indicate the entire sale was about to collapse. Miss Gage, not knowing of an oral agreement between the buyer and sellers to extend the ten-day limitation on the "Receipt and Agreement to Sell and Purchase," could reasonably have determined that on those grounds alone the sale was off.

It is well-settled law that the mere fact that a promise is not carried out is not proof that such promise was made with no intention to perform. In short, the plaintiffs did not overcome the presumption of good faith with a preponderance of the evidence.

For the foregoing reasons, plaintiffs should not recover on this claim based on fraud.

154

However, it is clear from the evidence that a contract, oral in nature, did in fact exist between the plaintiffs and defendant Gage. Such an agreement is evidenced both by testimony and by exhibits. Although Montana case history reveals no decisions in point concerning agreements between brokers to divide commissions, California, operating under a statute identical to our own (see Cal.Civ.C.Sec.1624), has with few exceptions determined that agreements between brokers in situations similar to this case are not within the scope of the statute of frauds. The reasoning used is that the pertinent subsection of the statute of frauds concerned here runs to the protection of the seller of land—a protection aimed at preventing fraudulent and fictitious claims for commissions, ergo, the necessity of a valid written instrument. R.C.M.1947, § 13-606, subd. (6), was not intended to protect one real estate broker from another real estate broker concerning a division of a commission. For a thorough annotation on the subject, see Deerings C.C.A., § 1624, subd. 5, para. 61.

Since no statute requires the agreement between the plaintiffs and the defendant Gage to be in writing, the oral agreement between them may be, if properly proved, enforced.

The existence of an oral contract is not claimed in the plaintiffs' complaint as such. But there is adequate testimony tending to prove the existence of a valid oral contract, all of such testimony being admitted without objection. The question now is whether the complaint can be amended, at this late date to conform to the issues actually tried.

Liberal amendment is encouraged under Rule 15(b) M.R. Civ.P., which in part provided:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, *even after*

*judgment;* but failure to so amend does not affect the result of the trial of these issues." (Emphasis ours.)

Virtually every witness called, whether by the plaintiffs or the defendants, gave testimony about an agreement between the plaintiffs and defendant Gage concerning the division of the commission due, i.e., that the plaintiffs were to receive $4,000 and the defendant Gage $1,000 of the $5,000 total commission set forth in the "Receipt and Agreement to Sell and Purchase." It is questionable that amendment of the complaint to conform to such evidence would be prejudicial to defendant Gage. The issues tried by implied consent regarding an oral contract in this case arise from the same general set of facts and circumstances set forth in the complaint. The complaint does set forth a promise made between Gage and the Maws to pay to the plaintiffs, Reilly-McKenna Agency, $4,000. The plaintiffs have failed to prove fraud in connection with nonpayment of the $4,000, but the evidence does sufficiently prove an oral contract existed demanding such payment.

■■■■ There is implied consent of the parties for the trial of issues not raised in the pleadings where evidence is introduced without objection.

3 Moore's Federal Practice, Para. 15.13[2] at p. 991, discusses the problem of amendment of the complaint, after judgment, to conform to the issues actually tried:

"The purpose of an amendment to conform to proof is to bring the pleadings in line with the actual issues upon which the case was tried; therefore an amendment after judgment is not permissible which brings in some entirely extrinsic issue or changes the theory on which the case was actually tried, even though there is evidence in the record—introduced as relevant to some other issue—which would support the amendment. This principle is sound, since it cannot be fairly said that there is any implied consent to try an issue where the parties do not squarely recognize it as an issue in the trial."

The issue of whether a contract existed between defendant

Gage and the plaintiffs (Reilly-McKenna Agency) is surely not an extrinsic issue. Nor does it change the theory on which the case was actually tried, since it is upon such contract that the claim of fraud fundamentally rests. Further, the existence of such a contract is freely admitted by defendant Gage when she testified that some amount of money was due and owing to the Reilly-McKenna Agency.

That amendment is permitted in a proper situation at this late date in the proceedings is further considered in 1A Barron and Holtzoff, § 449, at p. 778:

"A motion to amend to conform to the proof of issues tried by consent may be made and granted at any time after presentation of evidence has begun, and is frequently allowed during the course of the trial after the close of the testimony, and even after return of verdict, or entry of judgment, or on appeal, or after remand."

This case should be remanded to the district court to afford plaintiffs an opportunity to make a proper motion to amend the second claim of their complaint to conform to the evidence pursuant to Rule 15(b), M.R.Civ.P. It is to be remembered that the purpose of Rule 15(b), as indeed is the purpose behind all of Montana's Rules of Civil Procedure, is to put an end to wasteful and needless litigation and have trial on the merits of the case.

It is clear from the evidence in this case that the Maws owe a commission of $5,000, which, under the "Receipt and Agreement to Sell and Purchase," is payable only to Gage Realty. It is also clear that Gage Realty is bound by an oral contract with Reilly-McKenna to pay to the latter a sum in the neighborhood of $4,000. It would not seem necessary, after proper motion to amend the second claim of the complaint, to litigate anew the side agreements between defendant Gage and the plaintiffs as to whether $4,000, or something less than $4,000, is due the plaintiffs, that question being more expeditiously settled among the parties themselves.

The cause is remanded to the district court with instructions to set aside and vacate its judgment herein and to make and enter an appropriate order dismissing the first claim, and for further proceedings upon the second claim not inconsistent with what has been hereinbefore stated.

MR. JUSTICES ADAIR, DOYLE and CASTLES concur.