THE STATE OF MONTANA, ON THE RELATION OF CAMILLA
GAGE, RELATOR, v. THE DISTRICT COURT OF THE SEC-
OND JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN
AND FOR THE COUNTY OF SILVER BOW, AND THE HONORABLE
JOHN B. McCLERNAN, RESPONDENTS.

No. 11207.
Submitted September 19, 1966. Decided October 31, 1966.
419 P.2d 746.

C. W. Leaphart, Jr. (argued) Helena, John H. Jardine (argued) Whitehall, for relator.

E. F. Gianotti, E. J. McCabe, Jr. (argued), Great Falls, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an original proceeding wherein petitioner seeks a writ of prohibition or other appropriate writ. An alternative writ was issued by this court on August 24, 1966. An answer was filed, counsel appearing on behalf of the respondents were counsel for plaintiffs in the district court.

The cause involved in this proceeding originated in the district court of Silver Bow County as Civil Case No. 51490. It was appealed to this court and was decided in Reilly v. Maw, 146 Mont. 145, 405 P.2d 440, on August 12, 1965. The petitioner is the remaining defendant in Civil Cause No. 51490.

In Reilly v. Maw, supra, we attempted to settle the controversy that existed between the parties. We remanded the case with directions to the district court; holding that Roland R. Maw and Cleone S. Maw were not proper parties-defendant in the first claim alleged in the complaint and that the action could not be sustained against them and should be dismissed; second, that plaintiffs be allowed to amend their complaint as to the second claim to conform to the evidence introduced at the trial. We suggested that a proper judgment for the plaintiffs against defendant Gage on the second claim would be in the vicinity of $4,000 less certain disputed expenses that the plaintiffs had agreed to pay. The results we hoped for did not materialize.

To properly consider this petition, we have once again carefully examined the transcript of the proceedings in Reilly v. Maw, supra, and have had the district court file in this matter forwarded for our consideration.

From the length of time that has elapsed since this cause was remanded by this court and from the comments of counsel at

the hearing on the application, it is evident that the parties to this lawsuit cannot satisfactorily settle the matter without the aid of the courts.

The district court file shows that the Supreme Court's remittitur in Reilly v. Maw was filed therein on September 22, 1965. The opinion in this court was issued on August 12, 1965. On August 18th plaintiffs filed their memorandum of costs and disbursements on appeal. On August 19th plaintiffs filed a motion to amend pleadings to conform with the evidence, copy thereof mailed to counsel for the defendants on August 18, 1965. Defendants Roland R. Maw and Cleone S. Maw filed their memorandum of costs and disbursements on October 20, 1965, serving copy thereof upon counsel for the plaintiffs by mail. No motion to retax costs was filed by either party in response to these cost bills.

On March 1, 1966, plaintiffs' counsel mailed to defendant's counsel copy of a motion requesting the court to enter its order pursuant to the mandate of the Supreme Court. On March 7, 1966, an affidavit of disqualification was filed by Camilla Gage.

On July 11, 1966, the motion to amend pleadings to conform to the evidence, dated August 18, 1965, and the motion requesting the court to enter judgment for plaintiffs in accordance with the mandate of the Supreme Court were noticed to be heard on July 22, 1966, by the plaintiffs. This is the first notice of hearing upon either of the motions filed by the plaintiffs.

On July 22, 1966, at the time fixed for the hearing, defendants appeared specially to object to the jurisdiction of the court by reason of the affidavit of disqualification which had then been on file more than four months, but the district judge refused to honor the affidavit and proceeded to hear the motion and entered judgment on July 22, 1966.

The judgment entered against Camilla Gage was for $4,000 with interest at the rate of 6 percent per annum from May 1,

1961, in the sum of $1,289.64, together with costs and disbursements amounting to $249.73, or a total judgment of $5,539.37 with interest thereon until paid at the rate of 6 percent per annum from July 22, 1966.

Turning now to the contentions raised in this original proceeding by the relator Gage, it is her position that the affidavit of disqualification should have been honored by the district judge; that following the filing of the affidavit of disqualification the district judge was without jurisdiction to enter judgment and that the writ of execution issued by the district court is based upon a void judgment.

The respondent district court did not appear in this proceeding but an appearance was made by counsel for the plaintiffs in Reilly v. Maw, supra, who contend that the district judge acted within jurisdiction because the affidavit of disqualification, filed five months after remittitur had issued and the motion to amend the pleadings had been made, was not timely made, and, further, that such an affidavit of disqualification is ineffectual against a mandate of the Supreme Court.

Perhaps we could accept the contention of respondents that the affidavit of disqualification was ineffectual against a mandate of the Supreme Court if no discretion were permitted in carrying out the mandate. In this cause we left it to the district court to make a determination as to the amount due the plaintiffs in the event that sum was not settled between the parties themselves. No one would contend that if this court ordered a new trial that the district judge who presided at the first trial could not be disqualified from presiding at the new trial. Then, too, the time element is present here. The affidavit of disqualification was filed on March 7, 1966. On July 11, 1966, notice was given that the motions would be heard on July 22, 1966. Section 93-901, R.C.M.1947, provides that the affidavit must be filed at least 15 days before the day appointed or fixed for the hearing of any motion. Here it was filed more than four months before the day fixed for the hear-

ing. In these circumstances the district judge should have honored the affidavit and it was error to do otherwise.

Another matter should be discussed. The motions filed by the plaintiffs were never presented to the court until July 22, 1966. It should be noted that then Chief Justice Adair discussed procedure on motions in State ex rel. McVay v. District Court, 126 Mont. 382, 392, 251 P.2d 840, 845, 846, in these words:

"A motion is properly an application for an order, R.C.M. 1947, § 93-8401, made *viva voce* to a court or judge. Great Northern R. Co. v. Hatch, 98 Mont. 269, 275, 276, 38 P.2d 976; O'Hanion v. Great Northern R., 76 Mont. 128, 245 P. 518.

"A motion is not made by merely filing an application in writing with the clerk of the district court, but by the moving of the court or judge, *viva voce* to grant the order. Gahagan v. Gugler, 100 Mont. 599, 606, 52 P.2d 150; Great Northern R. Co. v. Hatch, supra; O'Hanion v. Great Northern R., supra.

"A motion is not an action but simply an application for an order and it is not subject to the general rules of pleading. Paramount Publix Corp. v. Boucher, 93 Mont. 340, 346, 19 P.2d 223.

"While our Codes do not specify all the instances in which notice of the time for making or presenting an intended motion must be given, the general rule is that a party interested in resisting the relief sought by a motion has a right to notice and an opportunity to be heard. Vande Veegaete v. Vande Veegaete, 79 Mont. 68, 72, 255 P. 348; Leonard v. Hoppins, 121 Mont. 275, 279, 191 P.2d 990. Compare Bascom v. Carpenter, 126 Mont. 129, 246 P.2d 223.

"The requirement that timely notice be given of the making of the proposed motion is to afford opposing counsel the opportunity to be present and intelligently to oppose the motion when made."

Respondents argue that having filed and served a proper motion to amend the second claim of the complaint the court

or clerk of court should have entered judgment. What we have quoted from the McVay case, supra, is a sufficient answer to that contention.

To expedite a final determination of the case of Reilly v. Maw, civil cause No. 51490, in the respondent court, we make the following determinations:

That the only expense that the plaintiffs agreed to pay out their commission dealt with the attorney fee for drawing up the contract of sale. The plaintiffs agreed to pay any amount over $150 that might be charged by the attorney. The attorney who drew the contract was paid $250 by the Maws. Therefore the plaintiffs are only entitled to $3,900 as their commission upon the sale.

The cost bill filed by the plaintiffs in the sum of $205 is to be a charge against Camilla Gage solely.

The cost bill filed by the Maws is to be a charge against the plaintiffs solely. We make this determination under section 93-8605, R.C.M.1947, which provides:

"When there are several defendants in the actions mentioned in section 93-8602, not united in interest, and making separate defenses by separate answers, and plaintiff fails to recover judgment against all, the court must award costs to such of the defendants as have judgment in their favor."

In this original proceeding here, each party is to bear their own costs.

IT IS ORDERED that the Honorable John B. McClernan, district judge of the district court of the Second Judicial District, in and for the County of Silver Bow, step aside and forthwith call in another district judge as provided in section 93-901, R.C.M.1947.

IT IS FURTHER ORDERED that the judgment entered in civil cause No. 51490, on July 22, 1966, be set aside and annulled.

When notice of assumption of jurisdiction by the district judge called in is received by the parties, plaintiffs' counsel

shall notice for hearing upon a date and at a time convenient to the said court the motions hereinbefore referred to, and upon the hearing the district court shall:

1. Grant the motion to amend pleadings to conform with the evidence, filed August 19, 1965, with one change—the names of Roland R. Maw and Cleone S. Maw as defendants in the action shall be stricken;

2. Enter a judgment against Camilla Gage and in favor of the plaintiffs in the sum of $3,900. Interest shall be awarded thereon at the rate of 6 percent per annum from May 1, 1961, to September 1, 1965. We order interest to cease upon said date because of the failure of plaintiffs to promptly and properly proceed to notice their motion to amend the pleadings to conform to the evidence and motion requesting the court to enter judgment for plaintiffs in accordance with the mandate of this court, as hereinbefore noted. No interest shall be allowed upon plaintiffs' cost bill.

In summation, drawing upon this court's knowledge of the proceedings in the trial court and recognizing possible future impediments and delays, in the interest of justice and to further what we deem to be an equitable solution to the problem, statutory interest will resume running upon the judgment, and cost bill from and after thirty days following assumption of jurisdiction by the new judge called in.

The matter is remanded to the district court for proceedings in conformity herewith.

MR. JUSTICES ADAIR, JOHN CONWAY HARRISON and CASTLES, concur.