No. 82-186

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

_____

BUTTE TEACHERS' UNION LOCAL NO. 332,
AFL-CIO,

Plaintiff and Appellant,

vs.

BOARD OF TRUSTEES OF BUTTE SCHOOL
DISTRICT NO. 1 OF SILVER BOW COUNTY, MONTANA,

Defendant and Respondent.

_____

Appeal from: District Court of the Second Judicial District,
In and for the County of Silver Bow
Honorable Gordon Bennett, Judge presiding.

Counsel of Record:

For Appellant:

J.Brian Tierney, Butte, Montana

For Respondent:

Poore, Roth & Robinson, Butte, Montana
Donald C. Robinson, Butte, Montana

_____

Submitted on briefs: September 23, 1982

Decided: December 16, 1982

Filed: DEC 16 1982

_Thomas J. Kearney_
_____
                           Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

The Second Judicial District Court, Judge Gordon Bennett presiding, entered judgment in favor of respondent and dismissed appellant's declaratory judgment claim based on the parties' collective bargaining agreement. Butte Teacher's Union Local No. 332 appeals.

On March 23, 1981, Butte Teacher's Union Local No. 332 brought a declaratory judgment claim against the Board of Trustees of Butte School District No. 1 of Silver Bow County, alleging that retiring teachers, as part of their severance pay package under the parties' collective bargaining agreement, should receive severance pay for unused "additional" sick leave. The provisions on which the claim was premised state in pertinent part:

> "Article 23: Severance Pay: Section 1 - School District No. 1 shall pay to teacher upon his or her retirement or death, one-half of any unused portion of the accumulated sick leave remaining in his or her account.
>
> ". . .
>
> "Article 32: Sickness and Death in Family Leave Section 1: A teacher shall be allowed each year an annual fifteen (15) days sick leave with full salary cumulative for ten (10) years or one hundred fifty (150) days, plus an additional five (5) days shall be allowed in which the teacher receives the difference between his or her rate of pay and $18 per day, accumulated up to thirty-five days . . ."

The Union sought a declaration that the school district has a duty to make payment of additional sick leave to retired and retiring teachers retroactive to 1977, which was when this Court issued its opinion in School District No. 1 v. Driscoll (1977), 175 Mont. 555, 568 P.2d 149, whereby a similar provision in a separate collective bargaining agreement between the district and school administrators was construed to require the district to include unused additional sick leave in the accumulated sick leave due and owing every administrator upon retirement.

The school district answered, denying "any liability of any

- 2 -

kind or nature whatsoever to the retired and retiring teacher members for payment of additional sick leave upon retirement."

The Union filed a motion for summary judgment along with a supporting affidavit from its counsel attesting that (1) since the 1977-1978 school year, pursuant to this Court's decision in Driscoll, supra, the district has paid all retiring principals and administrators additional sick leave as part of their retirement benefits; (2) no retiring or retired teacher members have been paid additional sick leave as part of their severance benefits since 1977-1978; and (3) the school district has refused to pay such benefits after demand was made pursuant to the provisions of the parties' collective bargaining agreement and the Driscoll decision.

The school district opposed the summary judgment motion and filed in response an affidavit from William C. Milligan, Superintendent of School District No. 1. Milligan's affidavit emphasized the following facts: (1) that since 1964, similar additional sick leave and severance pay provisions had been included in contracts between the parties; (2) that since 1964, no retiring teacher had received from the school district additional sick leave as part of their severance pay; (3) that at no time during intermittent negotiations between the parties had the Union proposed that the severance pay provision be administered to include additional sick leave; and (4) that the facts of the Driscoll case were distinguishable from the instant controversy because Driscoll, being the first administrator to retire under the first collective bargaining agreement between administrators and the school district, immediately challenged the school district's application of a comparable severance pay provision in the administrators' contract.

The District Court concluded there were no genuine issues of material fact but denied the Union's prayer for summary judgment. In its memorandum and order the trial judge explained that "the long acquiescence of the [Union] in the [school district's] con-

sistent and systematic exclusion of additional cumulative sick leave from severance pay, contrary to the express provision of the contract, constituted a waiver of the provision and an agreement to amend the contract to allow for such exclusion." Thereafter, judgment was entered for the school district.

The Union contends the District Court erred in denying its motion for summary judgment and entering judgment for the school district. Violations of the parol evidence rule and Rule 56(c), M.R.Civ.P., are asserted.

The Union argues that Milligan's affidavit was inadmissible under the parol evidence rule because it violates the clear and unambiguous written contract terms. Under Rule 56(c), M.R.Civ.P. supporting and opposing affidavits on a motion for summary judgment may only set forth facts as would be admissible in evidence at trial. Admissibility must be determined in terms of relevance and the applicable rules of evidence, including the substantive law that written contracts may not be varied by parol evidence. To ascertain whether extrinsic evidence can be admitted in an action on a written contract, pleadings must necessarily be reviewed to determine the nature of the plaintiff's claim for relief and the defendant's defenses thereto. See sections 28-2-905,-1602, MCA.

In the instant matter, this Court cannot review the lower court's implicit ruling on the Union's objection to the admission of parol evidence because the state of the pleadings at the time of the submission of the affidavit was such that the question of waiver was not properly in issue.

Rule 8(c), M.R.Civ.P., requires that the defense of waiver be affirmatively plead. Here, waiver was neither plead in the school district's answer or raised by a subsequent motion or cross-motion for summary judgment. Cf. Suckow Borax Mines Consol., Inc. v. Borax Consol., Ltd., (9th Cir. 1950), 185 F.2d 196, 205, cert. den. 340 U.S. 943, 95 L.Ed. 680, 71 S.Ct. 506, cited in Rambur v. Diehl Lumber Co. Inc. (1964), 144 Mont. 84,

- 4 -

90, 394 P.2d 745, 749. Allegations of waiver were in the first instance presented to the District Court via a memorandum and supporting affidavit in opposition to the Union's motion for summary judgment.

Additionally, at no time did the Union join in the waiver issue. Before the district and appellate courts, the Union has maintained its objection to the school district's allegations of waiver as being violative of the parol evidence rule. Therefore, it cannot be said that an issue not raised by the pleadings was tried by the express or implied consent of the parties, as Rule 15(b), M.R.Civ.P. would permit. Cf. Reilly v. Maw (1965), 146 Mont. 145, 405 P.2d 440, wherein implied consent was found on the basis that evidence extrinsic to the claim plead, was admitted at trial without objection. Without an issue regarding waiver, a large portion of Milligan's affidavit is inadmissible simply because it is irrelevant to the question of whether the school district has a duty to pay unused sick leave to retired and retiring teachers under the terms of the collective bargaining agreement and the Driscoll opinion.

Given the disposition of the first issue, we need not address the second argument on appeal.

This Court hereby vacates the judgment below and remands the case with instructions to the court to reconsider the Union's summary judgment motion in the context of the issues properly before the court. Amendment of the school district's answer to include affirmative defenses in avoidance of the contract is not precluded by this opinion.

_____
Justice

We concur:

_____

_____

_____
Justices

- 5 -

Mr. Justice John C. Sheehy, specially concurring:

I concur in the opinion, but disagree that an amendment to the pleadings to include waiver is permissible in this case. Waiver is a voluntary and knowing relinquishment of a right. I do not see how waiver, if waiver occurred, by the Union could be binding upon the individual teacher-members of the Union on their severance. While the Union is the agent of the teachers in the bargaining which results in the contract, it can hardly be the agent of its members for the purpose of waiver when the school board violates the terms of the contract.

John C. Sheehy
Justice

-6-