No. 89-481

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

GERLING GLOBAL REINSURANCE
CORPORATION (U. S. BRANCH)

      Plaintiff and Respondent,

   v.

FIRST INTERSTATE BANK, f/k/a
First National Bank of Missoula,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
                In and for the County of Missoula,
                The Honorable John Henson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          James J. Benn; Boone, Karlberg & Haddon, Missoula
          Montana

      For Respondent:

          Harold V. Dye; Milodragovich, Dale & Dye, Missoula
          Montana

      For Amicus Curiae:

          Patrick M. Driscoll; Chronister, Driscoll & Moreen,
          Helena, Montana

Submitted on Briefs:  February 22, 1990

Decided:  April 9, 1990

Filed:

_____

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Defendant First Interstate Bank of Missoula (FIB), f/k/a First National Montana Bank Of Missoula appeals the order of the Fourth Judicial District Court, Missoula County, denying its motion for a change of venue to the First Judicial District, Lewis and Clark County. The denial was based on the legal relationship created between the parties when FIB issued the plaintiff, Gerling Global Reinsurance Corp. (Gerling), a letter of credit on behalf of its depositor, Glacier General Assurance Co. (Glacier). The sole issue on appeal is whether the District Court erred in denying the motion. We affirm.

On December 31, 1984, FIB issued an irrevocable letter of credit, on the behalf and at the request of Glacier, to the plaintiff Gerling, in the amount of $746,250.00. The letter of credit was obtained by Gerling to ensure that sight drafts were paid pursuant to a reinsurance agreement it had with Glacier. The letter of credit expired in one year and provided;

> If we receive at our office, on or before the expiry hereof, your sight draft on us mentioning the above reference number, for all or part of this Credit, we will promptly honor the draft. Except as stated herein this undertaking is not subject to any condition or qualification whatsoever.

Glacier deposited $746,250.00 with FIB and FIB issued Glacier a certificate of deposit, which Glacier pledged as security for the letter of credit. Glacier was experiencing financial problems, apparently unknown to FIB, which surfaced on March 12, 1985, when

the Montana Commissioner of Insurance (the Commissioner) was appointed Rehabilitator of Glacier by the District Court of the First Judicial District pursuant to The Insurers Supervision, Rehabilitation and Liquidation Act, §§ 33-2-1301 et seq., MCA. Meanwhile, in August of 1985, Gerling presented FIB with demands against the credit totaling $40,495.28, representing specific listed losses covered by Glacier's reinsurance. On November 12, 1985, the District Court of the First Judicial District ordered the liquidation of Glacier and appointed the Commissioner as Liquidator, ordering the Liquidator to take possession of all Glacier's assets for administration under the court's supervision.

On December 20, 1985, Gerling wrote FIB and made an additional demand against the remaining balance in the credit. On December 30, 1985, the Liquidator wrote FIB and made a specific demand for the proceeds of the certificate of deposit as an asset of the liquidation estate of Glacier. FIB has not honored the demand of Gerling or the Liquidator.

Gerling commenced the current action against FIB in the Fourth Judicial District Court on January 12, 1989, seeking damages based on FIB's refusal to honor the letter of credit. The Liquidator sought to intervene in the action, and defendant FIB moved for a change of venue on the grounds that the only proper venue for insurance liquidations is the First Judicial District Court, Lewis and Clark County. See §§ 33-2-1305(2) and 33-2-1308, MCA. FIB's motion for change of venue, as well as the Liquidator's motion to

3

intervene, were denied by the District Court. FIB now appeals the denial of its motion for change of venue.

In order to determine where the proper venue lies in this case, it is first necessary for us to examine the nature of and the legal relationships created by a letter of credit.

FIB argues that the proper venue for all authorized actions relating to the liquidation, supervision, and rehabilitation of Glacier should be heard in the First Judicial District, Lewis and Clark County, where the office of the commissioner is located. Sections 33-2-1305(2), 33-2-1308, MCA. Even if we accept this argument, the very nature of a letter of credit makes such an argument inapplicable in this case. A letter of credit is defined as:

> an engagement by a bank or other person made at the request of a customer . . . that the issuer will honor drafts or other demands for payment upon compliance with the conditions specified in the credit. A credit may be either revocable or irrevocable. . . .

Section 30-5-103, MCA. It is a well settled matter of law that an instrument issued as a letter of credit and containing language that it is substantively a letter of credit creates a primary obligation in the issuer and must be enforced as such, and not as an instrument of guaranty:

> Although every letter of credit appears to function as a guaranty, there are important distinctions.[citation omitted.] A true guaranty creates a secondary obligation whereby the guarantor promises to answer for the debt of another and may be called upon to perform once the primary obligor has failed to perform. Since a guaranty is ancillary to the underlying contract, a dispute as to the rights and obligations of a guarantor can only be

4

> resolved by a factual determination of the rights and obligations of the parties of the underlying contract. A bank that issues a credit however creates a <u>primary</u> obligation as principal, not as an agent of the account party. On the issuance of a credit the bank assumes a primary obligation independent of the underlying contract.

Sherwood and Roberts, Inc. v. First Security Bank (1984), 209 Mont. 402, 413, 682 P.2d 149, 155. <u>See also</u>, Banks, <u>The Standby Letter of Credit</u>: <u>What It is and How to Use It</u>, 45 Mont.L.Rev. 71 (1984). No consideration is needed for a letter of credit. Section 30-5-105, MCA. A letter of credit is not a third party beneficiary contract, therefore the beneficiary's claims are not subject to the same defenses (failure of condition and anticipatory breach) as that of a true third party beneficiary's claim. See Banks, <u>supra</u>, at note 5. Moreover, a bank's obligation to honor the letter of credit is independent of any underlying contract between the bank and the debtor.

When a bank honors a letter of credit, the payment is made with the bank's assets, not the assets of the debtor or its bankrupt estate. The letter of credit represents a relationship between the issuer and the beneficiary; generally a bankrupt debtor has no obligations under the letter of credit. Thus, as the trial judge correctly noted, Gerling's claim against FIB on the letter of credit involves a subject matter separate from Glacier's liquidation proceeding in Lewis and Clark County. The Liquidator may have an interest in the assets Glacier deposited with FIB, but for purposes of venue such interest has no bearing on FIB's

5

obligations to Gerling under the irrevocable letter of credit.

With this in mind, it is clear that Gerling's choice of Missoula County, defendant FIB's principal place of business and the place of performance under the letter of credit, was proper for purposes of venue. Section 25-2-121, MCA. The District Court did not abuse its discretion in denying FIB's motion.

AFFIRMED.

_P.C. Mc Donough_
Justice

We Concur:

_J. A. Turnage_
Chief Justice

_John Conway Harrison_

_Diane G. Barz_

_John C. Sheehy_

_William E. Hunt Sr._

_Fred J. Weber_
Justices

6