No. 91-628

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

GLACIER NATIONAL BANK,

      Plaintiff and Respondent,

  v.

JAMES P. CHALLINOR and BETTY E.
CHALLINOR, husband and wife,

      Defendants and Appellants.

APPEAL FROM:  District Court of the Nineteenth Judicial District,
              In and for the County of Lincoln,
              The Honorable Robert S. Keller, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

          Russell K. Jones, Attorney at Law,
          Spokane, Washington

      For Respondent:

          William E. Hileman, Jr., and Timothy A. Cooper,
          Hedman, Hileman & Lacosta, Whitefish, Montana

FILED

JUN - 9 1992

Filed:

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  April 23, 1992

Decided:  June 9, 1992

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

James P. Challinor and Betty E. Challinor appeal from the decision of the District Court of the Nineteenth Judicial District, Lincoln County. Glacier National Bank brought this action to secure a judgment and foreclose a mortgage given by the Challinors in order to secure certain letters of credit from the bank. Following a trial without a jury, the District Court entered judgment in favor of Glacier National Bank and ordered foreclosure of the mortgage. This appeal followed.

We affirm.

The only issue raised on appeal is whether the District Court abused its discretion in not allowing the appellant to present evidence regarding a "suretyship defense" at trial.

In late 1982, the appellants successfully bid on a United States Forest Service (Forest Service) road construction contract. The contract required a payment bond and a performance bond. In order to satisfy this requirement of the contract, the appellants obtained from the respondent bank certain letters of credit. In early December 1982, the respondent issued an irrevocable letter of credit to the account of the appellant for $24,623.20 for the payment bond, and another letter of credit for $49,246.34 for the performance bond. Appellants agreed to reimburse respondent in the event of payment on the letters of credit. In order to secure this reimbursement, the appellants gave certain promissory notes to the respondent in the amount of the letters of credit. To secure the

2

payment of the principal sums and interest on these promissory notes, the appellants executed and delivered to respondent a mortgage on the appellants' home, land, and construction equipment. Appellants then made and delivered another promissory note to respondent in the original amount of $29,307.44 for operating expenses. This note was partially secured ($10,000) by the future advance clause of the mortgage.

On September 23, 1983, the Forest Service terminated the contract with appellants, claiming appellants had defaulted. On January 6, 1984, the appellants, respondent, the United States Department of Agriculture, and the Forest Service executed a reinstatement agreement allowing the appellants to resume work. The language in the reinstatement agreement, which was the subject of the dispute in the District Court, provided that:

> The BANK agrees, subject to all available defenses, to honor at the time of presentment the GOVERNMENT'S sight draft specifying the number of these credits and drawn in favor of contract number 50-03J1-3-003. [Emphasis added.]

On August 6, 1984, the Forest Service again declared the appellants in default and terminated the reinstatement agreement. The Forest Service then made demand upon the respondent for payment pursuant to the two letters of credit. Appellants advised the respondent to refuse payments, but respondent paid the sums to the Forest Service. The appellants refused to pay respondent the sums due as evidenced by the promissory notes. Respondent brought this action to secure judgment for the amounts owed and to foreclose the

3

mortgage given as collateral. Appellants counterclaimed, alleging that the respondent's actions were unlawful, fraudulent, and negligent. The District Court granted judgment in favor of the respondent on the counterclaim in October 1990, prior to the conclusion of the trial of the action brought by the respondent.

Appellants appeared pro se on the first day of trial. The trial resumed on a later date when the appellants could appear with counsel. Appellants attempted to argue at trial that the letters of credit were in fact not letters of credit, but that the language in the reinstatement agreement constituted a suretyship agreement. Appellants' theory, first presented at trial, was that the respondent had waived the right to reimbursement by failing to assert available defenses prior to paying the Forest Service on the letters of credit. Specifically, appellants contend that the respondent should not have paid on the letters of credit because for various reasons the appellants were not in default. Appellants allege this defense should have been asserted by the respondent when the Forest Service demanded payment because the letters of credit, in reality, created a suretyship agreement between the appellants and the respondent. The distinction between letters of credit and a suretyship or guaranty is significant and has been explained by this Court as follows:

> It is a well settled matter of law that an instrument issued as a letter of credit and containing language that it is substantively a letter of credit creates a primary obligation in the issuer and must be enforced as such, and not as an instrument of guaranty:

4

Although every letter of credit appears to function as a guaranty, there are important distinctions. [Citation omitted.] A true guaranty creates a *secondary* obligation whereby the guarantor promises to answer for the debt of another and may be called upon to perform once the primary obligor has failed to perform. Since a guaranty is ancillary to the underlying contract, a dispute as to the rights and obligations of a guarantor can only be resolved by a factual determination of the rights and obligations of the parties of the underlying contract. A bank that issues a credit however creates a *primary* obligation as principal, not as an agent of the account party. On the issuance of a credit the bank assumes a primary obligation independent of the underlying contract. [Citations omitted.] [Emphasis in original.]

Gerling Global Reinsurance Corp. v. First Interstate Bank (1990), 242 Mont. 216, 219, 789 P.2d 1237, 1239. Appellants wanted to present evidence that the agreement in question was in fact a suretyship agreement and that the respondent, therefore, had an obligation to assert all defenses available to the appellants prior to paying the Forest Service.

At trial, the respondent objected to the introduction of evidence concerning this alleged defense or theory on the basis of surprise. Respondent argued that the defense had not been pled, was not disclosed in any pretrial discovery nor at the pretrial conference, and was not properly before the court. The District Court agreed and excluded any evidence of a suretyship agreement and possible defenses the respondent should have raised. At the conclusion of the bench trial, judgment was entered in favor of the respondent, with foreclosure ordered.

5

The only issue raised by appellants on appeal is whether the District Court abused its discretion in not allowing the appellant to present evidence regarding a suretyship defense at trial. Rulings on the admissibility of evidence and the control of discovery activities are within the discretion of the district court. Cooper v. Rosston (1988), 232 Mont. 186, 756 P.2d 1125. Absent an abuse of discretion this Court will not reverse a district court's ruling on the admissibility of evidence. Cooper, 756 P.2d at 1127.

It is clear from our review of the transcript of the trial that the District Court afforded the appellants considerable latitude and time in order to attempt to show that the respondent had been put on notice of the suretyship argument. After a lengthy and extensive discussion of the contents of the pleadings, pretrial conference, interrogatories, and depositions, the District Court concluded that respondent had no notice of appellants' contentions, and therefore, they had not been properly brought before the court.

Appellants present several different arguments on appeal in support of their contention that it was an abuse of discretion for the District Court to exclude evidence relative to the suretyship defense. First, appellants argue that the respondent raised the issue of the suretyship at trial, and therefore, could not object on the basis of surprise to the appellants wanting to pursue the issue. Second, appellants contend that the respondent's failure to request a continuance at trial is a waiver of the right to rely on

the objection of surprise on appeal. Third, appellants argue that exclusion of the evidence was overly harsh in light of the circumstances.

Appellants initially argue that respondent cannot object to an issue which it introduced at trial. Appellants refer to testimony given at trial by a representative of the respondent who stated that it was the respondent's position that if a demand on the letters of credit was made that the respondent had no alternative other than to pay. Additionally, the reinstatement agreement was offered into evidence by the respondent.

Appellants apparently are arguing that the pleadings should have been amended to conform to this evidence pursuant to Rule 15(b), M.R.Civ.P. It is within the discretion of the trial court whether to allow such amendments and the decision of the trial court will not be disturbed by this Court absent an abuse of discretion. Keaster v. Bozik (1981), 191 Mont. 293, 623 P.2d 1376. Clearly, issues not raised by the pleadings may be tried by the express or implied consent of the parties. Butte Teachers' Union v. Board of Trustees (1982), 201 Mont. 482, 655 P.2d 146. If this occurs, then the pleadings can be amended to conform to the issues actually litigated. It is clear that the respondent did not expressly consent to the litigation of the suretyship issue. Therefore, the only hope appellants have of prevailing on this argument would be to show that the respondent implicitly consented to the litigation of the suretyship defense.

7

This Court has previously held that when evidence and issues extrinsic to the pleadings are admitted at trial without objection, the failure to object is an implicit consent to the litigation of those issues. Lemley v. Bozeman Community Hotel Co. (1982), 200 Mont. 470, 651 P.2d 979 (citing Reilly v. Maw (1965), 146 Mont. 145, 405 P.2d 440). In this case, the record is replete with objections raised by the respondent in response to appellants' attempt to interject evidence into the trial concerning the suretyship issue. Concerning the issue of implied consent this Court has stated that:

> Implied consent to trial of issues not raised in the pleadings will only be effective where the apparent consenting party has received adequate notice that new issues will be raised at trial. It is a fundamental question of due process of law: the right to notice.

Hoefer v. Wilckens (1984), 210 Mont. 218, 230, 684 P.2d 468, 474 (citing Gallatin Trust Bank v. Darrah (1968), 152 Mont. 256, 448 P.2d 734). The District Court found no such notice in this case. It is clear that the respondent did not consent, either explicitly or implicitly, to the litigation of the suretyship issue. In light of the circumstances involved in this case, it was not an abuse of discretion for the District Court to not order the pleadings amended to reflect the suretyship argument.

Second, the appellants argue that the respondent's failure to request a continuance at trial waives its right to rely on the objection of surprise on appeal. Appellants rely on this Court's decision in Sikorski v. Olin (1977), 174 Mont. 107, 568 P.2d 571,

8

in which we held that failure to request a continuance when first presented with surprise or prejudicial evidence was a waiver of the right to claim error on appeal. Respondent is not claiming error on appeal. In any event, that portion of Sikorski which held that the failure to request a continuance constitutes a waiver of the objection on appeal was expressly overruled by this Court in Bache v. Gilden (Mont. 1992), 827 P.2d 817, 49 St. Rep. 203.

Finally, appellants argue that in light of the circumstances, excluding the evidence in this instance was an unduly harsh penalty. While it is clearly within the district court's discretion to decide what sanctions should be imposed upon a party who fails to comply with discovery rules, it is also true, as appellants point out, that exclusion of evidence for noncompliance with discovery rules is a harsh remedy. Barret v. Asarco, Inc. (1988), 234 Mont. 229, 763 P.2d 27. Appellants argue that the exclusion of the evidence was a great hardship. Additionally, appellants point out that they experienced repeated pretrial failure of representation.

However, appellants had ample opportunity to raise any theory under which they desired to defend against the respondent's action. The District Court afforded appellants every opportunity to demonstrate that notice concerning this theory had been given to the respondent. Upon finding that notice had not been given, the District Court considered the possible prejudice to the respondent. The issue appellant attempted to raise would have changed the

9

entire complexion of the lawsuit. Despite many opportunities, appellants did not give notice prior to the start of trial of their intent to raise this issue. Finally, respondent repeatedly objected in a timely fashion to the introduction of this new issue. Under these circumstances we cannot say that the District Court abused its discretion in not allowing the appellants to present evidence on the suretyship defense.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

10

June 9, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

RUSSELL K. JONES
Attorney at Law
N. 9 Post St, Suite 315
Spokane, WA 99201

William E. Hileman, Jr.
HEDMAN, HILEMAN & LACOSTA
433 Second Street
Whitefish, MT 59937

I. James Heckathorn
Pamela L. Miller
MURPHY, ROBINSON, HECKATHORN & PHILLIPS, P.C.
P.O. Box 759
Kalispell, MT 59903-0759

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy