ABE O. WILLIAMS, Plaintiff and Appellant, *v.* INSURANCE COMPANY OF NORTH AMERICA, Defendant and Respondent.

No. 11348.
Submitted October 16, 1967. Decided December 1, 1967.
Rehearing denied December 20, 1967.
434 P.2d 395.

Richard J. Conklin (argued), White Sulphur Springs, for appellant.

Anderson, Symmes, Forbes, Peete & Brown, Sam E. Haddon (argued), Billings, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from a summary judgment entered for defendant dismissing the complaint on the merits. The cause was heard in the district court at White Sulphur Springs, the Honorable Nat Allen, District Judge, presiding, sitting without a jury.

On February 15, 1963, the defendant issued to the plaintiff a certificate of insurance under a group policy insuring members of the group, including the plaintiff, against accidental total disability; the benefits being 60 percent of the base weekly salary, subject to a maximum of $150.00, less any benefits collectible under the Workmen's Compensation Act, and disability benefits applicable to the employee under the United States Social Security Act. The effective date and policy term commenced on February 15, 1963, and continued to the same date in 1964, and monthly thereafter on the payment of the premiums. The premiums were paid by the insured, here the plaintiff, through payroll deductions by the policy holder, the plaintiff's employer. The plaintiff has paid his premiums, the rate of which had not been altered, and the policy was in force at all times material here.

On July 25, 1964, the plaintiff was injured in an industrial accident, as a result of which it now appears that he is totally

disabled. However, the defendant reserves the right to reopen this matter at some time in the future should the plaintiff cease to be totally disabled.

Commencing on July 25, 1964, under the terms of the policy defendant started to make payments to plaintiff in the sum of $290.76 per month and payments of this amount per month continued to February 22, 1966.

In figuring the amount to be paid to plaintiff under the policy, the defendant could properly deduct any benefits collected under the Workmen's Compensation Act. At the time of the injury the plaintiff was entitled to a weekly benefit under Workmen's Compensation of $45.00 per week. Subsequently, on a minor dependent attaining the age of 18 years, the plaintiff's compensation payments were reduced to $40.00 per week. At that time, the defendant properly increased the amount of its payment to take into consideration the reduction in Workmen's Compensation benefits.

At the time the disability occurred plaintiff was not entitled to Social Security benefits and on application in November of 1964 he was denied any benefits under the then existing Social Security Act. In September of 1965, the United States Social Security Act was amended and a new benefit created whereby plaintiff became eligible to and did receive in February of 1966 Social Security benefits which were not in existence at the time of the injury. In February of 1966, the plaintiff received $1,-488.70 in a lump sum, for eligibility prior to February of 1965, under the terms of the new Social Security Act. In addition, under the terms of this new Act, plaintiff now receives a monthly disability benefit in the sum of $131.70. The defendant has refused to continue payment under the terms of the insurance contract until a total credit for the lump sum benefit received by the plaintiff offsets their weekly obligation, and refuses to make payment without a deduction of the $131.70 monthly disability benefits received by the plaintiff as a result of the new amendments to the Social Security Act.

The issue presented to the trial court and to this court on appeal is whether the defendant is within its rights in deducting from its payments to plaintiff the amount plaintiff now receives under Social Security because of the amendment which went into effect after the plaintiff was injured.

Research by the court and by counsel for both parties has failed to reveal any statutory or judicial authority which is factually in point. Fortunately, however, in this particular case the answer comes readily to hand. The trial court found that the controversy could be solved by looking to the contract of insurance itself and we agree.

 The law in Montana applicable to the construction of insurance contracts is well-settled. When there is an uncertainty or ambiguity in the contract it will be construed liberally in favor of the insured and most strictly against the insurer. Ambiguity does not exist just because a claimant says so, but only when the contract taken as a whole in its wording or phraseology is reasonably subject to two different interpretations. If the intention of the parties is clear from the language of the contract this intention is to be carried out. Courts have no authority to change the contract, or to disregard the express language used. For a discussion of the Montana law on this subject see Niewoehner v. Western Life Insurance Co., 149 Mont. 57, 422 P.2d 644; Kansas City Fire & Marine Insurance Co. v. Clark, 217 F.Supp. 231 (D.C.Mont., 1963), affirmed 9 Cir., 329 F.2d 647.

The clause in the contract stating the indemnity and amount of insurance provided by the contract states:

"TOTAL DISABILITY—ACCIDENT

"Benefit Amount: 60% of base weekly salary subject to a maximum of $150 less any benefits collectible under the Workmen's Compensation Act and primary disability benefits applicable to the Employee only under Social Security.

"Elimination Period: 28 days

"Maximum Payment Period: Lifetime"

Looking at the contract as a whole and in particular the provision set out above we find that there is no ambiguity. The purpose of the contract was to insure that the plaintiff would receive 60 percent of his base weekly pay up to $150.00 per week even if he were totally disabled. In order to accomplish this it was set out that benefits collectible by the plaintiff under Workmen's Compensation and Social Security are to be added together and the difference between the sum of these and 60 percent of plaintiff's base weekly pay is to be paid by the defendant up to a maximum of $150.00 per week. This result was reached when the defendant increased its payments when the plaintiff's Workmen's Compensation benefits were reduced, and it is also the result following from the judgment of the district court.

It was not the purpose of the contract to set a doller amount that the defendant would pay if the plaintiff were injured, but rather to insure that plaintiff would receive a certain percentage of his pay on becoming disabled. Under the district court's ruling plaintiff receives 60 percent of his base weekly pay and this is what the language of his insurance policy says he should receive.

In view of the foregoing we find that the other matters raised by the plaintiff on appeal are without merit as he is receiving his due under the contract.

We find that the judgment entered in the district court is correct and it is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL, ADAIR and CASTLES concur.