No. 13549

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

HERMAN O. DANIELSON and
JUNE DANIELSON WARD,

    Plaintiffs and Respondents,

 -vs-

DAN DANIELSON and WAYNE NEU,

    Defendants and Appellants.

---

Appeal from: District Court of the Seventh Judicial District,
     Hon. L. C. Gulbrandson, Judge presiding.

Counsel of Record:

 For Appellant:

  V. G. Koch argued, Sidney, Montana

 For Respondents:

  Cresap and Phillips, Sidney, Montana
  Richard G. Phillips argued, Sidney, Montana

---

      Submitted: January 24, 1977
       Decided: FEB 18 1977

Filed: FEB 18 1977

*Thomas J. Kearney*
        Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

The owners of a tract of land in Richland County secured a permanent injunction restraining the holder of a life estate therein from selling and removing gravel from the premises. The life tenant appeals.

Plaintiffs Herman O. Danielson and June Danielson Ward, owners of the land, are the adult issue of defendant Dan Danielson, holder of a life estate in the land. The other defendant, Wayne Neu, has been hauling and removing gravel from the land for commercial purposes under an agreement with defendant Dan Danielson.

The father purchased the land with his own funds and offered his son and daughter title to a portion thereof on certain conditions. One of the conditions was that he would have the right to use the land as he saw fit during his lifetime. The seller conveyed the tract directly to the son and daughter. They in turn conveyed a life estate in the land back to their father, granting him "the right to use, as he may deem fit, and to receive the income and proceeds" from the land for his lifetime.

On March 29, 1976 the son and daughter commenced an action against their father and Neu to permanently enjoin them from removing gravel from the premises. A hearing was held in the district court, Richland County, without a jury on May 19, 1976. On July 7, 1976, the district court entered its findings of fact and conclusions of law in favor of the son and daughter and permanently enjoined the father and Neu from selling and removing gravel from the premises.

The district court found that at the time of creation of the life estate and at the time the father went into possession of the land thereunder, the premises was used only as grazing land and

- 2 -

there was no commercial gravel pit in operation thereon. The district court also found the father had only a life estate in the premises "giving him the right to use said premises for the purposes for which it was reasonably being used at the time of creation of the life estate and to receive the income and proceeds therefrom, but that such right does not include the right to sell and remove gravel from the premises or operate a commercial gravel pit thereon." After finding the son and daughter had no adequate remedy at law, the district court perpetually enjoined and restrained the father and Neu "from selling and removing gravel from the above described premises." The father alone appeals.

Three issues are assigned for review on appeal:

(1) Did the district court err in not considering the language of the life estate reservation "as he may deem fit" and in refusing to permit the father to explain the term.

(2) Was the district court's finding that plaintiffs have no adequate remedy at law error?

(3) Sufficiency of the evidence to support the district court's finding that at the time the father acquired the life estate and went into possession thereunder, the premises were only used as grazing land and there was no commercial gravel pit in operation thereon; and that the findings and conclusions are not supported by the evidence and the law and do not support the restraining order.

The first issue is determinative of this appeal. The father was granted a life estate in the land under a written instrument granting him the right to use the premises "as he may deem fit" and to receive the income and profits during his lifetime.

This language grants the life tenant the unqualified use of the premises during his lifetime. The grant is unambiguous. It means what it says. It requires no interpretation.

Under such circumstances, the controlling Montana statutes read:

> "Intention to be ascertained from language. The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Section 13-704, R.C.M. 1947.

> "Interpretation of written contracts. When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible; subject, however, to the other provisions of this chapter." Section 13-705, R.C.M. 1947.

It is clear from Montana cases that where the language of a written contract is clear and unambiguous there is nothing for the court to construe; the duty of the court is simply to apply the language as written to the facts of the case, and decide the case accordingly. Nelson v. Combined Insurance Co., 155 Mont. 105, 467 P.2d 707; Matteucci's Super Save v. Hustad Corp., 158 Mont. 311, 491 P.2d 705.

In such case, the court may not receive extrinsic evidence in aid of interpretation. Hill Cattle Corporation v. Killorn, 79 Mont. 327, 256 P. 497. If such extrinsic evidence is none-theless admitted without objection, the evidence must be dis-regarded. First National Bank of Plains v. Soil Conservation District, 130 Mont. 1, 293 P.2d 289.

While it is within the province of the court to interpret contracts which are open to interpretation, the court cannot make new contracts for the parties, or alter or amend the contract the parties themselves have made. Emerson-Brantingham Implement Co. v. Raugstad, 65 Mont. 297, 211 P. 305. The governing statute,

- 4 -

section 93-401-15, R.C.M. 1947, expresses this principle in this language:

> "Construction of statutes and instruments--general rule. In the construction of a * * * instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted * * *."

Here the district court imposed a restriction on the use of the premises by the life tenant that the parties themselves did not include in the written instrument creating the life estate. The district court limited the use of the land to "the purposes for which it was reasonably being used at the time of creation of the life estate" and prohibited operation of a commercial gravel pit on the premises. This was reversible error under a grant to the life tenant to use the premises "as he may deem fit" and granting him the income of the land for life.

Under the language of the grant of the life estate, we need not consider the "open mining doctrine" as it would not change the result.

The order and judgment of the district court is reversed. The findings and conclusions are amended in conformity with this opinion. The injunction is vacated and judgment entered for defendants.

_____
Justice.

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 5 -