No. 13745

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

LARRY KELLER and CATE, LYNAUGH,
FITZGERALD & HUSS,

Plaintiffs and Respondents,

-vs-

HARRY LLEWELLYN a/k/a H. D.
LLEWELLYN, H. THOMAS LLEWELLYN and
LLEWELLYN ASSOCIATES,
INC.,

Defendants and Appellants.

Appeal from: District Court of the Thirteenth Judicial
District,
Honorable Robert Wilson, Judge presiding.

Counsel of Record:

For Appellants:

Berg, Anderson, Sinclair & Murphy, Billings,
Montana
Chris Nelson argued, Billings, Montana

For Respondents:

Hutton, Sheehy and Cromley, Billings, Montana
Rodney D. Hartman argued, Billings, Montana

Submitted: November 29, 1977

Decided:

Filed:

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiffs brought this action in the District Court, Yellowstone County, to recover the amount due on a promissory note. From an order granting summary judgment to plaintiffs, defendants appeal.

Plaintiff Keller is an architect and had been employed by defendants in that capacity. A dispute arose, and Keller filed suit against defendants. Keller was represented by the law firm of Cate, Lynaugh, Fitzgerald & Huss (hereinafter referred to as "Cate"). In settlement of the suit, defendants executed a promissory note naming Keller and Cate as copayees. In pertinent part, the note recited:

> "Six months after the date of this note, we the undersigned, for value received, jointly and severally promise to pay to the order of Larry Keller and his attorneys, Cate, Lynaugh, Fitz-gerald & Huss, of Billings, Montana, at Billings, Montana, $7,000.00 plus interest at the rate of 8 percent per annum, interest to begin with the date of the note."

The note was not paid at maturity, and Keller and Cate filed the instant action. Keller thereafter assigned his interest in the note to Cate in consideration of attorney fees. The next day, defendants filed a motion to consolidate the action on the note with another pending action in which defendants were suing Keller and his architectural firm as a result of an allegedly faulty remodeling job performed by Keller. Keller and Cate filed a praecipe, and thereafter a supplemental complaint, directing that Keller be removed as a party plaintiff in the instant action because Keller no longer had any interest in the note.

Defendants' motion for consolidation was denied. Defendants answered the complaint, and plaintiffs moved for summary judgment. This motion was granted.

The issues raised on appeal may be consolidated as follows:

(1) Whether the appeal was timely;

(2) Whether the District Court erred in denying the motion to consolidate;

(3) Whether summary judgment was proper;

(4) Whether the District Court erred in granting attorney fees to plaintiff without conducting an evidentiary hearing on the issue; and

(5) Whether this Court should grant damages to plaintiff under Rule 32, M.R.App.Civ.P.

We first consider plaintiff's contention that the appeal should be dismissed as not timely filed. Judgment was entered against defendants on December 17, 1976. On January 25, 1977, defendants moved the District Court for an extension of time in which to file a notice of appeal. The motion was based upon the affidavit of one of defendants' attorneys, who stated the notice of appeal had not been filed because of "a press of business, the Christmas holidays, and a ten-day illness (pneumonia)". After a hearing, the District Court granted defendants' motion.

A party must file for an extension with the District Court within sixty days after the service of notice of entry of judgment. Zell v. Zell, (1977) ___Mont.____, 565 P.2d 311, 34 St.Rep. 492. Defendants asked for an extension within the sixty day period. In view of the allegation of illness of counsel, we do not find the District Court abused its discretion in granting the extension. Therefore the notice of appeal filed February 8, 1977 was timely.

Defendants urge that the District Court erroneously denied their motion to consolidate the action on the note with another action brought by defendants against Keller and the Architectural Design Group, of which Keller is the principal owner and operator, for damages as the result of a remodeling job performed by Keller. Rule 42(a), M.R.Civ.P., allows the court to consolidate pending

-3-

actions "* * * involving a common question of law or fact * * *".
It is clear there are no common questions of law or fact in the
two actions. The refusal of the District Court to consolidate was
not an abuse of discretion.

Nor may defendant take advantage of Rules 13 and 18, M.R.Civ.P.,
which allow a defendant to join any other claims he may have against
a plaintiff. Before defendants answered the original complaint,
plaintiffs filed a supplemental complaint noting the assignment from
Keller to Cate and dropping Keller as a party plaintiff. There is
no question the assignment was proper, and after the assignment
Keller no longer had an interest in the action. Rule 25(c), M.R.Civ.P.,
involving the substitution of parties on a transfer of interest, is
not, as defendants claim, applicable here. No party was substituted
into the action. One party plaintiff was simply removed from it.
It was not improper to do this by use of a supplemental complaint.
Since Cate was the only remaining party plaintiff, defendants were
properly not allowed to join their claims against Keller.

In opposition to the granting of summary judgment, defend-
ants claim that two defenses at least raise an issue of material
fact: (1) lack of consideration; and (2) setoff.

Defendants argue the defense of lack of consideration for
a note is available against a nonholder in due course. Section
87A-3-408, R.C.M. 1947. While defendants admit that consideration
existed as to Keller in the form of the settlement of a prior action,
they deny there was any consideration flowing from Cate. This
defense is untenable in view of the express language of the note
stating that consideration existed and that Cate is a copayee on
the note. This language is plain and unambiguous, and cannot be
varied by the court. Section 93-401-15, R.C.M. 1947; Larson v.
Burnett, (1972) 158 Mont. 421, 427, 492 P.2d 921; Danielson v.
Danielson, (1977) ____Mont.____, 560 P.2d 893, 34 St.Rep. 76.

-4-

Defendants further claim a right of setoff against Keller for any amount that may be collected in the other action. Under section 87A-3-306(b), R.C.M. 1947, a holder not in due course takes an instrument subject to "all defenses of any party which would be available in an action on a simple contract".

We are convinced that any claimed setoff against Keller is not available against Cate. Defendants' claim is not a "defense" to an action on the note but rather is a personal claim against Keller that is utterly unrelated to the note. As such it is not available against Cate. There is no issue of material fact precluding summary judgment.

The next issue relates to an award of attorney fees to plaintiffs on the affidavit of Cate and without an evidentiary hearing on the matter. This was manifestly improper in view of the holdings of this Court in First Security Bank of Bozeman v. Tholkes, (1976) 169 Mont. 422, 547 P.2d 1328, 33 St.Rep. 341 and Crncevich v. Georgetown Recreation Corp., (1975) 168 Mont. 113, 541 P.2d 56.

As a final consideration, plaintiffs ask this Court to award damages in accordance with Rule 32, M.R.App.Civ.P. This rule empowers this Court to award damages if an appeal "was taken without substantial or reasonable grounds, but apparently for purposes of delay, only * * *". Upon examination of the record, we are satisfied the appeal was not taken "without substantial or reasonable grounds" and decline to grant damages under Rule 32.

In summary, the order granting summary judgment is affirmed, except for the award of attorney fees. The case is returned to the trial court for the purpose of setting attorney fees. We decline to grant damages to plaintiff pursuant to Rule 32, M.R.App.Civ.P.

_____
Justice

-5-

We Concur:

_____
Chief Justice

_____
Frank I. Haswell

_____

_____
Daniel J. Shea
Justices