No. 82-117

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

_____

MICHAEL J. LEMLEY and JOAN F. LEMLEY,

Plaintiffs and Appellants,

vs.

BOZEMAN COMMUNITY HOTEL COMPANY, a
Montana corp., and ROGER L. CRAFT,
President,

Defendants and Respondents.

_____

Appeal from: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin
Honorable W.W. Lessley, Judge presiding.

Counsel of Record:

For Plaintiffs:

Joseph Mudd, Bridger, Montana

For Defendants:

Edmund Sedivy, Bozeman, Montana

_____

Submitted on briefs: July 15, 1982

Decided: September 30, 1982

Filed: SEP 30 1982

*Thomas J. Kearney*

_____
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Michael and Joan Lemley appeal the February 5, 1982, judgment of the District Court of the Eighteenth Judicial District adopting the landlord, Bozeman Community Hotel Company's interpretation of the rent clause of a November 29, 1976, assigned lease between the parties. We affirm the judgment of the District Court.

On May 19, 1975, Paul Carter, President of RX Enterprises, Inc., entered into a lease with respondents for premises in the "Baxter Hotel," Bozeman, Montana. The lease was for the period from January 11, 1976 to January 10, 1981. With respondent landlord's permission, Paul Carter assigned his lease to Michael and Joan Lemley on November 29, 1976.

The lease contains a clause allowing for its renewal for two additional five-year consecutive terms. That clause states:

> "19. That upon the expiration of the primary term of this Lease and Agreement, that is to say from January 11, 1976, through and including January 10, 1981, Tenant is granted the option to lease these premises for two (2) additional five (5) year consecutive terms with the same terms and conditions as hereinabove set forth for each of the five (5) year consecutive periods, with the exception that the amount of minimum base rental in the sum of Four Hundred Dollars ($400.00) as set forth hereinabove, shall at the expiration of the first five (5) year lease period be changed as follows:
>
> "(a) The sum of the base rental shall be changed to reflect the increase or decrease in the cost of living index occurring during the first five (5) years for the term of this Lease and Agreement shall either increase or decrease the amount of base rental to be paid (in the sum of $400.00 per month) by the same percentage which the consumer price index

has risen or fallen during the first five (5) years of this lease.

"The percentage of increase or decrease, if any, at the end of said five (5) year period shall be multiplied by the monthly rental of $400.00 and the product of such multiplication shall be the amount of the Tenant's minimum rental for each month during the second five (5) year period of this lease, subject to paragraph (b) below.

"The consumer price index is and shall be the price index computed by the United States Bureau of Labor Statistics, being the national consumer price index for the urban wages and clerical workers, generally referred to as the 'Cost of Living Index'.

"(b) The sum of the base rental shall also be changed to reflect the yearly increase or decrease in the cost to Landlord of property taxes and utilities. The percentage of any increase or decrease of these items from date hereof until the termination of the first five (5) year period shall be multiplied by monthly rental derived under paragraph (a) above, and such multiplication shall be the amount of the Tenant's monthly rental for each month during the second five (5) year period commencing with the first month to the second five (5) year period."

Mr. Lemley notified Roger Craft, president of Bozeman Community Hotel Company, that he wished to renew the lease for an additional five-year period beginning on the 10th of January, 1981. Mr. Craft informed Mr. Lemley that pursuant to Clause 19 of the lease, the monthly rent would increase from $400.00 to approximately $1250.00.

Mr. Craft arrived at the $1250 figure by using the following formulas, pursuant to Clause 19:

(a) Amount of Base Rent    x    Percentage of Increase or Decrease Cost of Living Index

and

-3-

(b) Amount of Monthly    Percentage of Increase or
    Rental Derived   x  Decrease Cost of Property
    From (a)            Taxes and Utilities

Mr. Lemley disagreed. He argued that although formula (b) above correctly reflects the language of the formula set forth in Clause 19(b), the language of the formula is not consistent with the stated intent of Clause 19(b). The intent is found in the first sentence of Clause 19(b), "to reflect the yearly increase or decrease in the cost to Landlord of property taxes and utilities."

On February 26, 1981, Lemley filed a complaint in the Eighteenth Judicial District Court requesting, among other things, a declaratory judgment construing the terms of the lease. As an alternative and in keeping with Lemley's perceived intent of the clause, he suggested that the percentage increase be added to the new base rent rather than be multiplied by it. He presented no formula by which to accomplish that result.

Lemley presented two other causes of action in his complaint. He requested credit for utilities paid by him contrary to the terms of the lease and compensation by Bozeman Community Hotel for loss of income suffered when the landlord unreasonably denied Lemley's requests to sublet the premises.

A hearing was held October 19, 1981, following which the District Court issued a judgment February 5, 1982, ordering:

1. That landlord recover from Lemley, "the sum of $3,908.01, being the sum of $1,257.60 per month for rent from January, 1981, through October, 1981, for a total rental of $12,576.00, less the sum of $7,220.00 as paid

through date of October, 1981, and less the sum of $1,477.99 for electrical bills paid by Plaintiffs."

2. That Lemleys pay to landlord "the sum of $1,257.60 per month from November 11, 1982 and on the 11th day of each month thereafter, for the remaining term of the Lease of the premises in the Baxter Hotel, referred to as the Baxter Pharmacy, through January 9, 1986."

3. That Lemley's claim for damages caused by landlord's failure to consent to several proposed subletters be dismissed.

4. That attorney fees and costs totaling $3,263.00 be awarded landlord.

In appealing the judgment, Lemley presents the following issues for our review:

1. What is the proper interpretation of Clause 19 of the lease and agreement?

2. Did the District Court properly determine the amount of rent owing and to be paid?

3. Was landlord's denial of consent to sublease unreasonable?

4. Was Lemley entitled to recover attorney fees incurred with regard to his claim for credit for the payment of the electrical bills?

We affirm the decision of the District Court in all respects.

The District Court properly interpreted Clause 19 of the lease. Courts have no authority to change a contract when its intent is clear. Williams v. Insurance Company of North America (1967), 150 Mont. 292, 295, 434 P.2d 395, 397. Courts do interpret contracts when an ambiguity exists. An

ambiguity exists "when the contract taken as a whole in its wording or phraseology is reasonably subject to two different interpretations." Williams v. Insurance Company of North America, supra.

No ambiguity exists in Clause 19(b). The first sentence states the intent of the clause. The formula following dictates how the intent shall be accomplished. Taken as a whole, the contract is reasonably subject to only one interpretation.

The formula is clear and express. Courts may not disregard the express language of a contract. Williams v. Insurance Company of North America, supra. Therefore, the District Court properly adopted the formula for rent increase stated within Clause 19.

Lemley further complains that he requested only a declaratory judgment construing the terms of the lease, not a court determination of the rent amount owed pursuant to the lease. At trial, Bozeman Community Hotel introduced many exhibits concerning the cost of living index from 1976 to 1981 and the hotel's property tax and utility expenditures from 1975 to 1980. It then presented the following chart applying the figures derived from the other exhibits to the formulas set forth in Clause 19:

(a) Amount of Base Rent  x  Percentage of Increase or Decrease Cost of Living Index

or

Amount of Base Rent  x  $\dfrac{\text{Cost of Living January 1981}}{\text{Cost of Living January 1976}}$

$400 x $\dfrac{260.5}{166.7}$ = $400 x 1.5626874 = $625.07

(b) Amount of Monthy Rental Derived From (a)  x  Percentage of Increase or Decrease Cost of Property Taxes and Utilities

-6-

or

|  |  |
|---|---|
| Amount of Monthly Rental Derived From (a) | Cost of Property Taxes and Utilities 1980 |
| x | Cost of Property Taxes and Utilities 1975 |

$$\$625.07 \times \frac{65,852.84}{32,731.12} = \$625.07 \times 2.0119335 = \$1,257.60$$

No objections were made to the admission of those exhibits.

Lemley did request only a declaratory judgment in his complaint. However, by failing to object to the admittance of the above evidence used by the court to determine the proper rent amount, he impliedly consented to the rent amount being determined by the court. Rule 15(b), M.R.Civ.P.; Reilly v. Maw (1965), 146 Mont. 145, 155, 405 P.2d 440, 446. Therefore, we affirm the District Court's determination of the amount of rent owing and to be paid. The court acted within the scope of the pleadings, as amended.

Clause 9 of the lease in question requires landlord consent prior to the subletting of the premises. It also requires that landlord not unreasonably withhold such consent. Lemley provided the court with the following information concerning his attempts to sublease the premises.

With landlord's approval, Cactus Records sublet the basement of Lemley's pharmacy. Lemley later approached landlord in January 1978 regarding Cactus Records subletting the main floor also. Landlord disapproved as he was wary of Cactus Records' business practices. Lemley next approached landlord regarding King-Gallatin expanding the Point After Bar into the main floor space. Landlord disapproved as there were already two bars in the Hotel and he wanted no

more bar area.

Landlord next disapproved Lemley's proposed sublease to an art gallery as he objected to brick work proposed by the gallery owners. Landlord agreed to approve a sublease to Heritage Books provided no pornographic material would be sold. Heritage refused to agree to that term. Finally, in January 1980, Four Seasons Travel Agency sublet the premises with landlord's approval.

Lemley vacated the premises in July 1979. Lemley asserted at trial that the premises remained empty for the intervening period due to landlord's unreasonably withheld consent to various proposed subletters. Therefore, Lemley requested a refund of the rent money he lost during the intervening period.

The District Court found that the landlord's refusals to permit subletting were reasonable. There is substantial evidence in the record to support such a finding. The landlord was familiar with Cactus Records as tenants. It did not approve of Cactus Records' business operations or business character. Landlord did not wish to have more bar space within the Hotel as two bars already existed on the premises. Another proposal for subletting was disapproved because landlord did not wish to have a brick wall constructed on its premises. Given the permanency of such a wall, we cannot find that to be an unreasonable decision. And finally, landlord chose not to have pornography sold on its premises. Given the controversial nature of pornography, it is fair and reasonable for landlord to choose not to be associated with it.

Landlord did not contest Lemley's request for compen-

sation for the electricity bills Lemley erroneously paid. The bills totaled $1,477.99. The District Court offset the amount of rent owed landlord by $1,477.99. Lemley now requests attorney fees for this successful claim. We deny Lemley's request.

Clause 21 of the lease in question provides that in any action for the enforcement of the terms of the lease, or for a breach thereof, the prevailing party shall be entitled to reasonable attorney fees. Landlord is clearly the prevailing party in this action. It is irrelevant that the issue on which attorney fees have been requested was submitted as a separate count. See Dooling v. Bright-Holland Co. (1969), 152 Mont. 267, 281, 448 P.2d 749, 757.

For the reasons discussed above, we affirm the decision of the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

-9-