No. 84-346

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

CLARKS FORK NATIONAL BANK,

                    Plaintiff and Respondent,

    -vs-

ELLAK PAPP and VIOLET PAPP,
husband & wife, d/b/a PAPP
LANDSCAPING CO.,

                    Defendants and Appellants.

_____

APPEAL FROM:  District Court of the Thirteenth Judicial District,
              In and for the County of Carbon,
              The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Joseph E. Mudd; Bridger Law Office, Bridger, Montana

    For Respondent:

        Mouat & Martinson, Billings, Montana

_____

Submitted on Briefs: November 2, 1984

Decided: April 30, 1985'

Filed:    APR 30 1985

*Ethel M. Harrison*

_____
                  Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Clarks Fork National Bank (Bank) sued in the Thirteenth Judicial District, Carbon County, to recover on a delinquent promissory note. Summary judgment was granted in favor of the Bank against Ellak Papp and Violet Papp, husband and wife, for $24,059.59, plus attorney fees, costs of suit and interest. The Papps appeal from this summary judgment. We reverse.

The only issue is whether there was a genuine issue of material fact regarding the promissory note which precluded summary judgment.

The record before us includes an unverified complaint, an unverified answer, and affidavits by the Bank President and both of the individual defendants. The original promissory note on which the complaint was based is attached to the judgment. The top of the note shows the lender to be the Bank and lists the borrowers' names and addresses as "Papp, Ellak and Violet dba Papp Landscaping Co. Fromberg, Montana 59029." The signature lines show individual signatures by Violet A. Papp and Ellak Papp without any further reference to the name Papp Landscaping Co. The note states that the purpose of credit was the "renewal of #33643" and that the note is secured by a separate security agreement dated June 22, 1978. While a copy of the security agreement was not made a proper part of the record, a purported copy of that agreement was attached to the defendants' brief in opposition to the motion for summary judgment. In addition, the note grants a security interest in various inventory, equipment, accounts and other rights to payment and general intangibles, as well as the following collateral: "all plant materials, inventory, materials inventory, all accounts receivable, all vehicles, miscellaneous tools and equipment

2

now owned or hereafter acquired for use by and for the business."

The affidavit of the Bank President states that the note in question was executed in his presence by Ellak Papp and Violet Papp individually. That affidavit also states that the note was a renewal of an earlier note. In addition, the affidavit states that the note was prepared and was signed as a personal obligation of both individuals, Ellak Papp and Violet Papp.

The affidavits of Violet A. Papp and Ellak Papp state that Ellak is the President of Papp Landscaping Co. and Violet is the Vice-President; that the promissory note in question was executed by the Papps in their corporate capacity as President and Vice-President of Papp Landscaping Co.; that the note was a renewal of a previous note executed by the company; that the defendants believed they were renewing an existing obligation between the Bank and the company; that the Papps were buttressed in their belief that the note was between the Bank and the company by the fact that the note was secured by property owned by the company; that Violet Papp as Vice-President of Papp Landscaping Co. had provided the Bank with a list of corporate officers which named Ellak Papp as President and Violet A. Papp as Vice-President.

Summary judgment allows a court to dispose of those actions where there is no genuine issue of material fact, thereby eliminating the burden and expense of an unnecessary trial. Morales v. Tuomi (Mont. 1985), 693 P.2d 532, 534, 42 St.Rep. 60, 62, citing Van Uden v. Hendricksen (Mont. 1980), 615 P.2d 220, 222, 37 St.Rep. 1431, 1433.

The burden upon the party moving for summary judgment is stated in Rule 56(c), M.R.Civ.P.:

3

". . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . ."

The burden upon the party opposing summary judgment is stated in Rule 56(e), M.R.Civ.P.:

". . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. . . ."

The affidavits of the defendants indicate that, at the time the note was prepared, the Bank knew that Papp Landscaping Co. was a corporation and that Ellak and Violet Papp were the President and Vice-President of that company. Notwithstanding that knowledge, the Bank contends that the note itself is determinative. The Bank contends that the note establishes that the two individuals were doing business as Papp Landscaping Co., which is an entirely normal manner of doing business. Citing Keller v. Llewellyn (1977), 175 Mont. 164, 573 P.2d 166 and Silva v. Holme (Cal.Dist.Ct.App. 1952), 241 P.2d 21, the Bank argues that because the note and signatures are not in any way ambiguous or uncertain, no evidence may be presented to vary the terms of the instrument itself.

We disagree with the Bank's conclusion. In pertinent part § 30-3-403(2), MCA states:

"An authorized representative who signs his own name to an instrument:

. . .

"(b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in an representative capacity . . ."

4

The note itself establishes that the President and Vice-President of Papp Landscaping Co. signed their own names to the instrument without showing that they signed in a representative capacity. This would indicate that there is personal liability unless they come within the exception listed in subparagraph (b).

The affidavits of the defendants state that as between the immediate parties, the note was intended to be a corporate liability rather than an individual liability. In contrast, the Bank's affidavit states that the note was signed as and intended to be the individual liability of the defendants personally. While it is generally true that a note cannot be varied by parol evidence unless it is ambiguous or uncertain on its face, § 30-3-403(2)(b), MCA, specifically allows proof beyond the provisions of the note itself. The language of the note itself suggest that the parties may have "otherwise established" as provided in the statute. The Papps' affidavits buttress the possibility that an exception exists. We conclude there is a genuine issue as to a material fact and that the Bank is not entitled to summary judgment.

The promissory note refers to a separate security agreement dated June 22, 1978. No copy of that security agreement was properly submitted as a part of the affidavits. We do note, however, that the unsworn copy, attached to defendants' brief in opposition to the motion for summary judgment, suggests that the security agreement was executed by the corporation as distinguished from the individuals. This may be the same security agreement referred to in the note upon which suit was brought. It tends to confirm the existence of a genuine issue of material fact.

The summary judgment is reversed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

6