No. 86-235

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

MARILYN JESMAIN,

       Plaintiff and Respondent,

  -vs-

MARGARET MILLS,

       Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Emmons & Coder; H. William Coder, Great Falls,
Montana

    For Respondent:

        Alexander & Baucus; Floyd Corder, Great Falls,
Montana

_____

Submitted on Briefs: Sept. 4, 1986

Decided:  November 24, 1986

Filed: NOV 24 1986

_____
                Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is an action for a declaratory judgment brought by Marilyn Jesmain. The District Court of the Eighth Judicial District, Cascade County entered summary judgment in her favor. Margaret Mills appeals. We affirm.

The appellant raises four issues on appeal:

1. Did the District Court err in granting plaintiff's motion for summary judgment?

2. Did the District Court err in concluding that appellant was not a judgment debtor or creditor as defined by law.

3. Did the District Court err in concluding that there were no material issues of fact which required resolution?

4. Did the District Court err in its conclusion that appellant's redemption was invalid?

In 1978, Marilyn Jesmain and Margaret Mills acquired title to real property in Cascade County. Jesmain paid $29,000 down and Mills promised she would make the monthly payment to eliminate the remaining $20,000 balance. Both women executed a promissory note and mortgage to Albert Lawson for the remaining $20,000. In 1981, Jesmain and Mills executed another promissory note and trust indenture covering the same property to Safeco Title Insurance Company as trustees for Aetna Finance Company for $6,259.46.

Mills failed to make payments on the original note and in November, 1983, Jesmain filed a complaint against Mills asking that sole right, title and interest in the real property be vested in Jesmain or alternatively, she moved for

partition of the property. Lawson was named as sole lienholder on the property.

The Court entered default judgment against Mills in March, 1984. The court decreed:

> 1. That [Jesmain] is the owner in fee simple of those certain lands and premises [at issue] . . . free and clear from all claims, rights, titles, estates, interest, liens or encumbrances of the Defendant Margaret Mills in that the Defendant Margaret Mills does not have any right, title, estate or interest in, or lien or encumbrance upon the said upon described property lands and premises or any thereof and that her claims to the same, or any part thereof, are null, void, and of no effect, and that the fee simple title of the Plaintiff is subject to a mortgage executed by Plaintiff and Margaret Mills which is a first lien on the real property, which mortgage is recorded at Reel 127, Document 554 of the records filed in the office of the Clerk and Recorder of Cascade County, Montana, which mortgage was in the original principal amount of $20,000.00.
>
> 2. That Defendant Margaret Mills is forever barred and restrained from asserting any claim whatsoever in or to the above-described premises.

No appeal was taken from that judgment. In a counterclaim in the same proceeding, Albert Lawson sought to foreclose his mortgage on the real estate. A foreclosure judgment was entered in his favor in June, 1984. The property was ordered to be sold at sheriff's sale and the deficiency, if any existed, to be entered against Jesmain and Mills personally. The property was sold at sheriff's sale in August, 1984. It sold for more than the outstanding mortgage so no deficiency was entered. The real property was redeemed by Mills on July 30, 1985. The next day, July 31, 1985, Jesmain tendered the redemption amount to the sheriff and was informed that Mills had already redeemed.

Jesmain filed the instant action for declaratory judgment seeking to set aside Mills' redemption of the property. The District Court granted summary judgment in

Jesmain's favor. The Court concluded that when one joint tenant's interest in real property has been cancelled prior to a foreclosure sale that tenant no longer has the right to redeem.

Although appellant raises four issues on appeal, those issues can be summarized as, did the District Court err in granting summary judgment for Jesmain?

We begin with the standard of review for summary judgments. It is well settled that summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Clarks Fork National Bank v. Papp (Mont. 1985), 698 P.2d 851, 42 St.Rep. 577; Cereck v. Albertson's, Inc. (1981), 195 Mont. 409, 637 P.2d 509. There are no issues of material fact in this case, so we turn to the issue of which party is entitled to judgment as a matter of law.

The issue is who has the right to redeem from sheriff's sale? Section 25-13-801, MCA provides:

> (1) Property sold subject to redemption, as provided by 25-13-710, or any part sold separately may be redeemed in the manner hereinafter provided by the following persons or their successors in interest:
>
> (a) the judgment debtor, the judgment debtor's spouse, or his successor in interest in the whole or any part of the property and, if the judgment debtor or successor be a corporation, a stockholder thereof;
>
> (b) a creditor having a lien by judgment, mortgage, or attachment on the property sold or on some share or part thereof subsequent to that on which the property is sold. If a corporation be such creditor, then any stockholder thereof may redeem.

This Court has held that the term judgment debtor "refers exclusively to the debtor whose land was subject to forced sale." Marcellus v. Wright (1916), 51 Mont. 559, 563,

154 P. 714, 716. In the case at hand, Mills' interest in the property had been terminated prior to the foreclosure, hence she was not a judgment debtor pursuant to § 25-13-801, MCA. She was also not a redemptioner as provided by § 25-13-801(2), MCA because she was not a creditor who held a lien on the property.

Appellant contends that because Mills' statutory right of redemption was not pled or proved in the original termination proceeding or in the foreclosure action, the judgments are both void. In effect, appellant seeks to collaterally attack and reopen both judgments. We will not do that. Mills' right of redemption was terminated when her right, title and interest in the property was terminated. It did not exist at the time of the foreclosure action, nor does it exist now. Mills is a stranger to title who has no right of redemption.

Appellant's last contention centers around the Aetna mortgage. That mortgage was satisfied in 1985, and a deed of reconveyance was issued to Jesmain and Mills by Aetna. Appellant contends that the deed of reconveyance creates an after-acquired interest which entitles Mills to redeem. We disagree. The deed of reconveyance merely conveyed Jesmain's interest in the property back to her. The deed of reconveyance could not create a new interest in the property in Mills.

We affirm the judgment of the District Court in all respects.

_____
Justice

- 5 -

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices