No. 87-414

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

HERMAN HUISENGA, d/b/a HUISENGA
ADVERTISING, BILLINGS, MONTANA,

                Plaintiff  and Respondent,

   -vs-

BRUCE PARKMAN, f/d/b/a SUN BURST
MEADOWS & WHITNEY DEVELOPMENT COMPANY,

                Defendant  and Appellant.

_____

APPEAL FROM:  District Court of the Thirteenth Judicial District,
               In and for the County of Yellowstone,
               The Honorable Robert Holmstrom, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Tipp, Skjelset, Frizzell & Buley; Raymond P. Tipp,
        Missoula, Montana

    For Respondent:

        Robert F. LaFountain & Charles E. Snyder, Billings,
        Montana

_____

Submitted on Briefs:  Feb. 11, 1988

Decided:  March 22, 1988

Filed:  MAR 2 2 1988

*Ethel M. Harrison*

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Bruce Parkman appeals a directed verdict entered against him by the District Court of the Thirteenth Judicial District, Yellowstone County, Montana. The court found that he was liable for $7,622.11 of debt incurred by his former employer, Whitney Development Co., a partnership involved in land development, and costs of $55.40. We reverse and remand.

By the start of January, 1982, Parkman was the general manager at Whitney Development Co., but he held no ownership interest in the partnership. Herman Huisenga, an advertising consultant in Billings, had done considerable work for Whitney Development Co., which owed Huisenga's firm $13,122.11. When Huisenga learned that Whitney Development Co. was about to incorporate under another name he approached Parkman, with whom he had been negotiating on payment, with a memorandum prepared on Huisenga's letterhead. The memorandum read:

January 11, 1982

AGREEMENT TO COMPLETE ACCOUNT
WITH HUISENGA ADVERTISING

Dear Mr. Huisenga,

    To complete payment of our account due to you for Whitney Development Company of $13,122.11 on 12/31/81, we will pay you $1500 on 1/12/82 and monthly payments of $1000 or more each month, with total paid by June 30, 1982.

Signed,

__(s/Bruce Parkman)__
Bruce Parkman

(s/Donald R. Coverdell)
Donald R. Coverdell

Accepted,

__(s/H.R. Huisenga)__
H.R. Huisenga

2

The other signatory, Donald Coverdell, was a foreman for Whitney Development Co. and also had no ownership interest. Although the note is dated January 11, 1982, there is a dispute as to the date the note was signed.

Huisenga received $5,500 from Whitney Development Co. and its successor corporation, Sun-Sational Development Corp. When no further payments were made, Huisenga filed suit against Parkman to collect the $7,622.11 balance. A jury trial was held on August 3, 1987. Upon the completion of testimony, the court granted Huisenga's motion for a directed verdict reasoning that Parkman was personally obligated since he had signed the memorandum, which neither named Sun-Sational as a principal nor noted Parkman's representative capacity, as required by § 30-3-403(2)(a), MCA.

Section 30-3-403, MCA, states in part:

> (2) An authorized representative who signs his own name to an instrument:
>
> (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
>
> (b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

On appeal we need only to determine, while viewing the evidence in a light most favorable to Parkman, whether a fact question for jury determination existed. Jacques v. Montana

National Guard (1982), 199 Mont. 493, 503, 649 P.2d 1319, 1325. If reasonable jurors could derive various conclusions from the evidence then a directed verdict is improper. Solich v. Hale (1967), 150 Mont. 358, 361, 435 P.2d 883, 885.

On the date the note was drafted, January 11, 1982, the successor corporation Sun-Sational Development Corp. was not even in existence. Articles of incorporation were signed on January 12, 1982 and the Certificate of Incorporation was not issued by the Secretary of State until January 13, 1982. The actual debtor on January 11, 1982 was the partnership mentioned in the note. Therefore the requirements of § 30-3-403(2), MCA, were met and parol evidence could be considered in establishing between the immediate parties whether or not the defendant signed in some type of representative capacity and that question should have been allowed to go to the jury.

Parkman insisted that he had been a salaried employee, not a partner. He said he never meant to assume any personal obligation but only to assure Huisenga that his bill would be considered and paid, if possible, by the new corporation. Parkman said he did not mention any agency capacity because he read the memorandum and did not believe it to be a personal guaranty. He added that the memorandum was signed on January 14, 1982, after Coverdell returned from Helena with the Certificate of Incorporation.

The court's directed verdict rests on the assumption that Parkman did sign the memorandum after the articles of incorporation had been accepted. There was evidence from Huisenga, himself, however, that Parkman signed before the articles of incorporation were accepted. Thus, a fact question arises and a jury could reasonably have decided that the memorandum was signed before the articles of incorporation were filed. In that case, the memorandum would

have referenced the employer, Whitney Development Co., and the jury would be entitled to consider the parol evidence to determine if there was an understanding that Parkman was signing as a representative. Accounts Management Corp. v. Lyman Ranch (Mont. 1987), 748 P.2d 919, 923, 44 St.Rep. 2233, 2237; Clarks Fork National Bank v. Papp (Mont. 1985), 698 P.2d 851, 853, 42 St.Rep. 577, 580.

Reversed and remanded.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Mr. Justice John C. Sheehy did not participate.