No. 90-234

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

KARYN ANN BAIN,
    Plaintiff and Appellant,
-vs-
LARRY WILLIAMS, BRIAN CLOUTIER, and STATE MEDICAL SERVICES, INC,
a Montana corporation,
    Defendants and Respondents.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and for the County of Flathead,
                The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        E. Eugene Atherton, Kalispell, Montana

        For Respondent:

        Randy K. Schwickert, Whitefish, Montana

                            Submitted:  August 9, 1990

                            Decided:  October 30, 1990

Filed:

_____
                /Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

The plaintiff, Karyn Ann Bain brought this action in the Eleventh Judicial District Court, Flathead County, to recover the unpaid balance due under the terms of a written promissory note. Although a jury trial had been initially requested by Bain, she later agreed to bifurcate the contract (promissory note) issues from the tort issues raised in her complaint and to try the contract issues in front of the court sitting without a jury. The defendants filed an action for declaratory judgment concerning the same contract and sought recovery of monies advanced to Bain. The District Court consolidated Bain's collection actions with the declaratory judgment action. The District Court determined that the purpose for execution of the promissory note had been totally frustrated and, as a result, the remaining obligation of the defendants should be excused and the promissory note rescinded. The District Court then entered judgment in favor of the defendants and against Bain. Thereafter, Bain filed a Rule 59(g), M.R.Civ.P. motion to alter or amend the judgment, which motion was deemed denied by the expiration of the 45 day time limit. (Rule 59(d), M.R.Civ.P.) Bain now appeals the District Court judgment and the denial of the Rule 59 motion. We reverse and remand.

Bain raises the following issues on appeal:

1. Whether the trial court's findings are supported by substantial evidence?

2.  Whether the trial court erred by allowing the defendants to amend their answer on the day of trial?

Prior to January 28, 1983, Bain was married to Steven Boyd. During their marriage, Boyd started an in-home oxygen care business known as Montana Medical Oxygen and Supply, Inc. (hereafter MM). At the time of her divorce from Boyd in 1983, Bain acquired from him, as part of the divorce agreement, his promissory note for $900,000 and held 50% of the stock of MM as security for Boyd's payment under the terms of the note. Late in 1983, Bain learned that Boyd was attempting to sell MM to the defendants. At the time, Bob Allison, an attorney in Kalispell, represented Bain, and he began negotiating with Williams on behalf of Bain in the effort by the defendants to purchase her interest in MM. During the negotiations with Williams, Bain and Allison demanded to know how much Williams was paying Boyd for MM, but were told by Williams that was none of their business and the negotiations with Bain was a "separate deal."

The negotiations proved to be fruitful, and Bain agreed to accept $370,000 from the defendants for the marital obligation Boyd owed her, which included her security interest in the MM stock. As a result, on November 7, 1983, the defendants executed an agreement and promissory note to Bain for $370,000. Allison prepared this promissory note for the parties. After the execution of the promissory note, Bain conveyed her stock in MM to Williams.

Sometime in January of 1984, the parties began to suspect that the MM purchase was in trouble, and in fact the purchase did not

3

close as planned or expected on February 29, 1984. The cause of the failure rested on Steven Boyd. Thereafter, Boyd told the defendants he intended to look for a new buyer for MM.

The defendants stopped making payments on the promissory note in March of 1984, and Bain filed this suit to enforce payment under the note. In their answer, the defendants contended that the execution of the promissory note has been conditioned on the purchase of Boyd's half of MM, that they had failed to purchase Boyd's MM stock, and therefore the defendants' purpose in executing the promissory note had been totally frustrated.

On April 25, 1984, in a letter from defendants' attorney to Bain, the defendants discussed filing the declaratory judgment action to determine their duty under the agreement with Bain. They also advised Bain that they would continue to make payments under the note, but that they would seek reimbursement for any money advanced. The defendants made payments through January, 1985.

After a bench trial, the District Court found that the execution of the promissory note was contingent upon the defendants' successful purchase of Boyd's half of MM. The court found that the failure to complete the purchase of Boyd's half of MM constituted a frustration of purpose of their promissory note with Bain. The trial court determined that the promissory note should be rescinded, and the remaining payment obligation under the note excused. The court also ordered Bain to repay the money that the defendant had already paid her. From this judgment, Bain appeals.

4

The first issue is whether the District Court's findings are supported by substantial evidence. The appellate standard for review is clear. This Court may not set aside findings of fact unless they are clearly erroneous. Rule 52(a), M.R.Civ.P. Expanding on this standard, we have stated:

> When reviewing findings of fact and conclusions of law of a district court, sitting without a jury, this Court has repeatedly held such findings and conclusions will not be disturbed if supported by substantial evidence and by the law.
>
> . . .

Central Bank of Montana v. Eystad (1985), 219 Mont. 69, 73, 710 P.2d 710, 713, and cases cited therein.

The District Court made findings that (1) the defendants' execution of the promissory note was contingent upon their successful purchase of Boyd's half of MM; (2) the defendants did not complete their purchase of Boyd's half of MM; (3) the failure to purchase Boyd's share of the business constituted frustration of the principal purpose of the promissory note; and (4) the contract is rescinded due to this frustration of the principal purpose of the note.

The District Court's findings and conclusions are not supported by substantial evidence and the law. We disagree with the court's findings, and find the parties' promissory note was not contingent on the defendants' purchase of Boyd's half of MM.

The District Court's first obligation was to peruse the four corners of the promissory note to determine whether the claimed contingency existed. "Where the language of a written contract is

5

clear and unambiguous there is nothing for the court to construe;

the duty of the court is simply to apply the language as written

to the facts of the case, and decide the case accordingly."

Danielson v. Danielson (1977), 172 Mont. 55, 58, 560 P.2d 893, 894;

Nordlund v. School District No. 14 (1987), 227 Mont. 402, 404, 738

P.2d 1299, 1301. Courts have no power to change the contract or

the express language used. Williams v. Insurance Company of North

America (1967), 150 Mont. 292, 295, 434 P.2d 395, 397.

Here, the promissory note is unambiguous, and clearly does not

include a contingency. Despite the obvious lack of contingency in

the note, the defendants argue that paragraph 5 of the note reveals

the note was conditioned upon the defendants operating MM

Paragraph 5 of the note states:

> That should Second Parties (defendants) decide in anyway
> sell or dispose of their majority interest or stock in
> and to the business entities known as State Medical
> Services, Inc. and Montana Medical Oxygen & Supply, Inc.,
> at any time prior to having paid the obligations to First
> Party (Bain) as set out above in full, the entire balance
> remaining unpaid shall become immediately due and payable
> upon such a sale or transfer of their interest. In other
> words, this Agreement is not assignable and is
> conditioned upon the continuing operation of said
> business by Larry Williams, Brian Cloutier and Mark
> Hungerford.

This paragraph does not state that the successful acquisition

of Boyd's business was contingent for the execution of the

promissory note. Instead, it simply states that if the defendants

were to sell or otherwise dispose of Boyd's business before

completing payment to Bain, then the entire remaining balance due

to Bain would accelerate. The last sentence of the paragraph

simply reasserts that the obligation to pay under the promissory

6

note is not transferrable or assignable to someone else and would accelerate unless the defendants continued to run Boyd's business.

The defendants also argue that the promissory note is contingent on their purchase of Boyd's half of MM, because the promissory note is peppered throughout with references of the defendants assuming the right to manage the assets of MM, and references to Bain's and Boyd's earlier property settle agreement. We disagree with the defendants, and will not read a contingency into the contract when one clearly does not exist on the face of the contract.

The District Court erred when it went beyond the four corners of the contract, and looked to the intent of the parties to determine if the contingency existed in the promissory note. Again, the intent of the parties is only looked at when the agreement is not clear on its face. Glacier Campground v. Wild Rivers, Inc. (1979), 184 Mont. 543, 547, 597 P.2d 689, 692. Here, the promissory note does not contain a contingency, and the court mistakenly looked at the intent of the parties. Courts may not disregard the express language of a contract. Williams, 434 P.2d at 397; Lemley v. Bozeman Community Hotel Co. (1982), 200 Mont. 470, 475, 651 P.2d 979, 981; New Hampshire Insurance Group v. Strecker (Mont. 1990), ___ P.2d ___, 47 St.Rep. 1736, 1738; See also § 28-3-401, MCA.

The District Court improperly granted the defendants the right of rescission. In its order, the court stated:

> Defendants' right of rescission, based upon failure of consideration, excuses their continued performance under

this contract, and they may rescind. Despite Plaintiff's assertions to the contrary, Defendants failed to acquire the business of Montana Medical, and that acquisition was fundamental to the promissory note and agreement between the parties.

The consideration in this case was not the acquisition of MM but Bain's agreement to turn over her security interest in 50% of the MM stock to the defendants in exchange for the $370,000 under the promissory note. Accordingly, we find an exchange of consideration among the parties, and reverse the court's rescission of the contract.

## II

We need not address the second issue concerning amending the answer the day of trial, since we have found for Bain under the terms of the contract.

## Conclusion

Since the contract was not contingent on the defendants purchasing Boyd's half of MM, the defendants did not have a right to rescind the contract. Thus, when the defendants stopped their payments under the terms of the promissory note, Bain properly sent to the defendants a notice of default and accelerated the balance due under the promissory note. We reverse the District Court's order and remand the case to the District Court to determine the amount of damages the defendants owe Bain under the promissory note. Under the terms of the promissory note, Bain, as the prevailing party is entitled to recover attorney's fees. Reversed and remanded for further proceedings in accordance with this Opinion.

_John L. Sheehy_
_____
Justice

8

We Concur:

_John Conway Harrison_

_William E Hunt_

_Diane G. Bar_

_R. C. McKinney_
Justices

9

90-234

# CORRECTION

Date 11/16/90

EDITORIAL DEPARTMENT
West Publishing Co., P.O. Box 64526, St. Paul, MN 55164-0526
ATTENTION: PLATE CORRECTIONS

Please make the following correction in the opinion in the case of:

Title: Bain v. Williams
90-234 (J. Sheehy)

Vol. _____ Rptr. (12th line) Page 6

In first/second column, line _____ from top/bottom.

Here, the promissory note . . .
operating MM Paragraph 5 of
the note states:

should read Here, the promissory note
. . . operating MM(.) Paragraph
5 of the note states:

Signed Pam C. Otto

The expense of making changes is such that we cannot undertake it for
changes in typographical style or spacing.

West Publishing Co.

N182e
Item 509